THE WESTERN UNION TELEGRAPH COMPANY v. J. B. HENRY.

No. 174.

1. Petition Insufficient on General Demurrer.

See petition asking damages against telegraph company for delay in delivering telegrams; mental anguish alleged as basis of damages. *Held*, insufficient to sustain judgment by default, being bad on general demurrer........ .................................................... 168

2. Rule for Damages for Delay by Telegraph Company.

It is well settled that in such case only such damages as may reasonably be presumed to have been in contemplation of the parties at the time the contract for transmitting the message was entered into can be re-

covered. In this case the telegraph agents were informed by plaintiff that he could not go to see his grandfather, of whose dangerous illness he was advised by telegraphic message. The telegraph company could not be charged with his secret change in mind as affecting subsequent messages ...................................................... 168

3. Pleadings—Insufficient as to Contract.

The allegations touching the alleged contract with the telegraph company failed to show that the messages (except the first) had been delivered to and received by the agents of the company for transmission. These were necessary allegations to support action for breach of such contracts. ...................................................... 169

ERROR to Court of Civil Appeals for First District, in an appeal from Rusk County.

*M. R. Geer*, for plaintiff in error.

*W. C. Buford* and *John R. Arnold*, for defendant in error.—1. If Henry's original petition is good against a general demurrer, it will sustain and affirm the judgment of the lower court. Tel. Co. v. Grimes, 82 Texas, 91; Walling v. Kinnard, 10 Texas, 512; 63 Texas, 220; 62 Texas, 637; 28 Texas, 501; Raleigh et al. v. Cook, 60 Texas, 440; Flanagan v. Pearson, 61 Texas, 307; Hunt v. San Francisco, 11 Cal., 250; Hoag v. Hotch, 23 Conn., 595; Sims v. Done, 113 Ind., 127.

2. Failure to inform Henry of the condition of his grandfather, after he was known to be in a critical condition, was calculated to cause greater distress of mind than would a failure to inform him of his death if same had been unknown. Womack v. Tel. Co., 22 S. W. Rep., 417.

3. The failure to perform any duty which causes pain to others gives right to damages. Stuart v. Tel. Co., 66 Texas, 583; Tel. Co. v. Moore, 76 Texas, 68.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by defendant in error to recover of plaintiff in error damages for failure to deliver certain telegraphic messages. There was a judgment by default, from which the defendant company sued out a writ of error to the Court of Civil Appeals, assigning as error the insufficiency both of the petition and of the citation to support the judgment. The Court of Civil Appeals affirmed the judgment.

The petition, after alleging that Evan Thompson, the grandfather of the plaintiff, was lying at the point of death at his residence in Rusk County, and that the plaintiff resided at Athens, in Henderson County, proceeded as follows: "That　*　*　*　W. H. Frizzell delivered to defendant the following message at Henderson, Rusk County, Texas:

                                        " ' October 15, 1890.
" ' *To Ben Henry, Athens, Texas:*

  " ' Grandfather is very low.   Come at once.

                                        " ' W. H. FRIZZELL.'

  " Said message was delivered by W. H. Frizzell to defendant's agent at Henderson at 4:40 p. m., and received at Athens at 8:30 p. m., but not delivered to petitioner until 10 o'clock p. m., making a delay of six hours.   That petitioner answered said message as follows:  ' Can't come. Have wrote.  Answer,' which was sent from Athens at 10 p. m. on the 15th day of October, 1890, and received at Henderson at 1 p. m. on the 16th day of October, a delay of about fifteen hours, and not delivered to W. H. Frizzell, the person to whom it was addressed, until 4 p. m., 16th day of October, 1890.   That plaintiff could have no reply to his message last above set out, and on the 17th of October at 10 o'clock a. m. he sent the following message to W. H. Frizzell, Henderson, Texas:  ' How is grandfather. Where is he.   Answer immediately.'   That the same was received at Henderson at 1:12 p. m., and not delivered to W. H. Frizzell until 3 o'clock p. m. of same day, a delay of five hours.   That said W. H. Frizzell, at 3:06 p. m. of the same day, replied to said message to petitioner, ' Very low at his home.   Lizzie, Bob with him,' which was not delivered until 5 o'clock p. m. of same day.

  " That said Evan Thompson died on the 17th at 3 o'clock p. m., and was buried on the 18th of October, 1891, at hour of 6 o'clock.   That said W. H. Frizzell sent petitioner the following message: 'Grandfather died at 3 p. m.   Will bury here at 5 this evening.'   Was from him at 10:30 a. m., October 18, 1891, and delivered to them at 4:30 p. m., October 18, 1891, a delay of six hours.   That plaintiff was by said messages endeavoring to ascertain the condition of said Evan Thompson, for himself and others of his children and grandchildren who resided at Athens, in Henderson County, as above set out, and that defendant was fully informed of said fact; that petitioner and W. H. Frizzell were acting for them as well as in their own interest.   That said Evan Thompson's residence was about twenty miles from Henderson, Rusk County, Texas, and about ten miles from Tompson, Shelby County, Texas, a railroad station, and that Athens, Henderson County, Texas, is a railroad station about eighty miles from Henderson.

  " That although he did reply to the first message, that he could not come, he did intend to come later on, when he learned of the fatal sickness of his grandfather, and that all of the family of the said Evan Thompson intended to come, and would have come, and been present to minister to said Evan Thompson and attend his burial, except for the inexcusable and culpable neglect and delay in the delivery of the said messages as above set out.   And that petitioner and the other children and

grandchildren who reside at Athens, in Henderson County, would have come if they had received said death message in time to come; that they were in railroad connection with Henderson, and if said message had been promptly delivered with reasonable dispatch they could have been so present.

" That by reason of the premises aforesaid, petitioner has suffered mental anguish, sorrow, and grief, and has been damaged in the sum of $5645.62. That on December 3, 1890, plaintiff made claim in writing to defendant for said injury, which said claim in writing is now in possession of defendant. That all of said original messages are in possession of defendants, and they are here notified to produce all papers and messages relating to this matter on the trial of this cause, or secondary evidence of their contents will be offered. That defendant has complied with all the terms and conditions of his contract with defendant. Premises considered, petitioner prays your honor for citation, general and special, legal and equitable relief."

We are of opinion that the averments in the petition are insufficient to support the judgment. The damages claimed by the plaintiff are for his mental suffering, resulting from his being deprived by the negligence of defendant of attending his grandfather in his last illness, and being present at his burial.

It is well settled that in such a case only such damages as may reasonably be presumed to be in contemplation of the parties at the time the contract for transmitting the message was entered into can be recovered. By the second message in the series of the correspondence the defendant's agents were advised by the plaintiff himself that he could not go to his grandfather. He does not aver that he ever notified the company of his change of purpose, though he alleges such change. How, then, could the company have contemplated, when the subsequent messages were delivered for transmission, that the plaintiff intended to do a thing which he had said he could not do?

Besides, the cause of action which is attempted to be set out in the petition is for the breach of a contract, or at least for the failure to perform a duty growing out of a contract. Does the petition anywhere allege a contract between either of the senders and the defendant by which the latter undertook to transmit the messages, or either of them? As to the first message only is it alleged that it was delivered to the defendant, and it is not even there alleged that it was delivered and accepted for transmission. As to the other messages, it is simply averred that they were " sent " and were " delivered," but how they were sent and by whom delivered is not alleged.

Now, the rule of this court requires that we should extend to the averments in a petition every reasonable intendment as against a general de-

murrer; and if the petition be good upon general demurrer, it is good upon error. But it was certainly not intended by the rule to dispense with a statement, in logical and legal form, of the substantive, issuable facts which constitute the cause of action, as required by the statute. This court is empowered to adopt rules governing the practice in the District and superior courts, but is without power to change the statutes.

We may say in this case, as was said in Moody v. Benge, 28 Texas, 545, in speaking of a petition upon a promissory note: "It is true we may infer from the statements of the petition, that he gave it to Benge & Jewell, and that they are the owners of it; but in doing so we would be dispensing with a well established rule of pleading, which requires that the facts constituting the, right of a party to recover, and fixing the liability of his adversary, shall be averred directly and distinctly in his pleading, and not left to be supplied by inference." In that case there was a judgment by default, and the judgment was reversed for the insufficiency of the petition, although the allegations were more specific and direct than those in the petition before us. See, also, Parr v. Nolen, 28 Texas, 798; Gray v. Osborne, 24 Texas, 157; Sneed v. Moodie, 24 Texas, 159; Malone v. Craig, 22 Texas, 609; Jennings v. Moss, 4 Texas, 452.

No express promise to transmit either message is alleged in the petition; nor are there averments of fact from which such a promise can be implied.

It is unnecessary to decide whether or not the citation is sufficient.

The judgments of the Court of Civil Appeals and of the District Court are reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 18, 1894.