WESTERN UNION TELEGRAPH COMPANY v. W. H. TWADDELL.

Decided June 15, 1907.

**1.—Telegram—Nondelivery—Special Damages—Pleading and Proof.**

To render a telegraph company liable for special damages for the nondelivery of a message, it must be alleged and proved that the special damage was in contemplation of both the parties to the contract at the time it was made, as a contingency that might follow its nonperformance. A telegram as follows, "You can make big money next month—come at once," was not of itself notice to the telegraph company that a failure to deliver the same would cause the sender to lose the commission on a sale of land.

**2.—Contract—Breach—Pleading.**

In a suit against a telegraph company for damages for failure to deliver a message, it should be distinctly alleged that the defendant agreed to transmit and deliver the message.

Appeal from the County Court of Dallam County. Tried below before Hon. J. P. Inman.

*Geo. H. Fearons* and *Veale, Crudgington & Underwood,* for appellant.—In order to recover on the failure of a telegraph company to transmit and deliver messages it is necessary, first, to set out the contract upon which the suit is brought, and second, to allege specifically that the company agreed to transmit and deliver said message. Western U. Tel. Co. v. Henry, 87 Texas, 165; Moody v. Benge, 28 Texas, 545, and cases cited.

In order to bind appellant it was necessary that the petition should show that the telegram in question was delivered to it and that it agreed to transmit same, and should further show the importance of the telegram either to the sender thereof or to the addressee, if the telegram did not disclose its importance on its face. It should also appear from the pleading that the company had notice at the time of the delivery to it of the message of the injuries likely to be sustained to either the sender or sendee of the message, and the damages should not be remote. Elliott v. W. U. T. Co., 75 Texas, 18; Daniel v. W. U. T. Co., 61 Texas 457; Western U. T. Co. v. Williford, 2 Texas Civ. App., 577; Western U. T. Co. v. Nagle, 11 Texas Civ. App., 541.

*H. W. Clark,* for appellee.

CONNER, CHIEF JUSTICE.—The court below awarded appellee a

judgment for four hundred dollars as commissions or profits that the court found would have been received by him upon a sale of land that could and would have been effected but for appellant's negligence in failing to deliver a telegram to appellee's brother, J. J. Twaddell.

We have concluded that the judgment is fundamentally erroneous in that the amended petition upon which the trial proceeded fails to support the judgment. Omitting the prayer and formal parts, the petition is as follows: "M. N. Twaddell, plaintiff, complaining of the Western Union Telegraph Company, defendant, respectfully represents ........... That the defendant, The Western Union Telegraph Company, is a telegraph company (corporation), duly incorporated and owning and operating a telegraph line through said Dallam County, and through the town of Dalhart in said county, and was owning and operating the same as aforesaid on the 26th . day of June, 1906. That said telegraph company has a duly appointed agent who is a resident of said Dallam County,- Texas, to wit: J. G. Otis. That heretofore, to wit: on the 26th day of June, 1906, said M. N. Twaddell was conducting a real estate business in Dalhart, Dallam County, Texas, that his occupation tax, which entitled him to conduct a real estate business, was duly paid up, and that said company was transacting business under the laws of the State of Texas, governing telegraph companies; and that on the 26th day of June, 1906, this plaintiff submitted to the defendant company a message written as required by the said defendant, and directed to one J. J. Twaddell, who is a resident of Waco, Texas, and who at that time was in Waco, Texas; that the said message directed as aforesaid to the said J. J. Twaddell and asked that he come to Dalhart, Texas, at once, that the said J. J. Twaddell never received any such message, though the plaintiff in this action paid the required sum for sending such messages, and that the said message was never delivered to the said J. J. Twaddell or to anyone authorized to receive the same for him, and that his residence was known to this defendant company, and that by using ordinary diligence they could have found the said J. J. Twaddell and delivered the said message, and that the said defendant company wilfully, carelessly and negligently failed to deliver the said message to the said J. J. Twaddell; that this plaintiff then had some land listed with him at $2.50 per acre, that one Earl Ashley had so listed the land with this plaintiff, and that the said land was only listed for a short time at that price, that the said J. J. Twaddell had a friend who wished to purchase land in this section of the country and wished to purchase that particular tract, and was willing to give $2.75 per acre for the same, and that by reason of this defendant negligently failing to deliver the said message to the said J. J. Twaddell he, the said J. J. Twaddell, was unable to get his purchaser here to Dalhart, Dallam County, Texas, in time to close the deal with his brother for the land, and that if said message had been delivered the said J. J. Twaddell would have had his purchaser at Dalhart, Texas, anyway a week sooner than he did get him there, and that if said message had been delivered

to the said J. J. Twaddell, the plaintiff in this action could have and would have sold the said land, being 1,600 acres, to the said purchaser and received a remuneration of twenty-five cents per acre for his services in making the sale, that by reason of the negligence of this defendant company to deliver the said message the plaintiff in this action was damaged in the sum of four hundred dollars ($400)."

As shown by the evidence, the telegram delivered by appellee for transmission was as follows: "June 26, 1906. J. J. Twaddell, Waco, Texas. You can make big money next month—come at once. M. N. Twaddell." Appellee testified that he was a real estate agent and that as such he had, at the date of the telegram, listed with him for sale sixteen hundred acres of land in Dallam County at $2.50 per acre, and that had the telegram been delivered to J. J. Twaddell promptly, J. J. Twaddell would have procured a purchaser for the land at $2.75 per acre, which would have given a net profit to him, M. N. Twaddell, of twenty-five cents per acre, or the total sum of four hundred dollars, which was the amount for which he sued in this case. J. J. Twaddell testified that one of his friends, T. W. Garrett, residing at Beaumont, Texas, would have purchased the land at $2.75 per acre had he received the telegram. Other proof showed failure to deliver the telegram by reason of the negligence of appellant's employes at Waco, Texas, where J. J. Twaddell resided, and that the owner sold the land to other parties on July 8 before Mr. Garrett could go to Dalhart and close the contract with appellee.

No notice other than that to be inferred from the face of the telegram is alleged or shown to have been given to appellant, and the telegram both as alleged and proved, is wholly insufficient to convey notice to appellant of the special damages sought and recovered in this case. Special damages such as would not naturally or ordinarily follow from a breach of a contract will not be awarded unless it be shown that the party sought to be charged with the breach had knowledge of the peculiar circumstances from which the damage might arise. In other words, it must be alleged and proved that the particular loss was in contemplation of both the parties to the contract at the time it was made, as a contingency that might follow the nonperformance. This principle has been so frequently decided that it seems superfluous to cite any authority, but see Daniel v. W. U. Tel. Co., 61 Texas, 452; Elliott v. W. U. Tel. Co., 75 Texas, 18; Western Union Tel. Co. v. Williford, 2 Texas Civ. App., 577.

The telegram as declared upon in the petition wholly fails to indicate that the failure to deliver would result in the consequences shown and relied upon in this case. Indeed, both as declared upon and as proved, the damage for failure to deliver seems wholly speculative.

Again, it is to be observed that the petition fails to distinctly allege an agreement on appellant's part to transmit and deliver the message in question, which seems to bring the case within the rule requiring such averment declared by our Supreme Court in the case

of the Western Union Tel. Co. v. Henry, 87 Texas, 165. See, also, Moody v. Benge & Jewell, 28 Texas, 545.

It is ordered that the judgment be reversed and the cause remanded for a new trial.

*Reversed and remanded.*