SOUTHWESTERN TELEGRAPH & TELE-
PHONE CO. v. PAYNE. (No. 2098.)

(Court of Civil Appeals of Texas. Texarkana.
April 4, 1919. Rehearing Denied April
17, 1919.)

1. TELEGRAPHS AND TELEPHONES ⬨45 —
FAILURE TO FURNISH TELEPHONE SERVICE.

Defendant telephone company *held* not lia-
ble for its alleged negligent failure to locate
plaintiff so that he might be informed of his
child's illness, where it did not agree to at-
tempt such service.

2. TELEGRAPHS AND TELEPHONES ⬨45 —
TELEPHONE SERVICE—FAILURE TO LOCATE
PERSON.

A telephone company is not liable for fail-
ure to perform its agreement to locate a person
to whom it was desired to telephone, unless its
agreement was founded on a consideration.

Appeal from District Court, Hunt County;
Wm. Pierson, Judge.

Action by L. M. Payne against the South-
western Telegraph & Telephone Company.
Judgment for plaintiff, and defendant ap-
peals. Reversed and remanded.

The appeal is from a judgment in appel-
lee's favor for $1,250, the amount a jury
found he was entitled to recover of appel-
lant because of negligence on its part in
failing to notify him at Haskell, where he
was temporarily, of a telephone call for him
from Campbell, where his wife and children
were, advising him of the serious illness of
one of his children. In his petition, after al-
leging that appellant was a corporation en-
gaged in the transmission of telephone mes-
sages for hire, appellee alleged that on Sep-
tember 8, 1915, he was near Anson, but about
7 or 8 o'clock of the morning of that day left
that place for Haskell, where he arrived
about 9 o'clock of the same morning. He
further alleged:

That his wife and family were then at their
home in Campbell, and that at about 10 o'clock
of that morning, acting by and through Rev.
B. F. Harris, "put in a call for plaintiff at
the residence of Rev. G. W. Guinn, near An-
son, Tex., and at the same time advised the
agent of the defendant at Campbell, Tex., who
received said call, that the infant child of this
plaintiff and his wife was seriously sick and
was not expected to live, and that plaintiff's
wife wanted to get in communication with him
for the purpose of advising him of said serious
sickness of their said child; that the said G.
W. Guinn informed the defendant, its agents
and servants, that the plaintiff had left his
home that morning, and was then in the town
of Haskell, whereupon the said Rev. B. F.
Harris requested that the defendant locate the
said plaintiff in the town of Haskell so that he
could convey to him said message and informa-
tion, and at the same time instructed the agent

at Campbell, Tex., to have, a search made for
plaintiff at the various hotels, banks, and livery
stables in the town of Haskell, and was will-
ing and ready to pay the toll and expense there-
of, whereupon it became the duty of defendant,
its agents and servants, to make said search,
and, if possible, to locate the plaintiff and notify
him of said call."

Appellee then alleged:

That "if the defendant, its agents and serv-
ants, had made the slightest efforts to locate
him in the town of Haskell, they could have
done so on September 8, 1915, or on the morn-
ing of September 9th, * * * but they neg-
ligently failed and refused to make any efforts
to discover his whereabouts so as to get him to
the phone so as to put the said B. F. Harris in
communication with him."

Appellee then alleged:

That, if defendant's agent had used due dili-
gence, "he would have received said message
on September 8, 1915, and could and would
have arrived at his home on the following day
to comfort and assist his wife during the said
serious ill of their infant child, but the plain-
tiffs says he knew nothing of said call until the
following Saturday night, September 11, 1915."

He then alleged as follows:

"That on account of the negligence of de-
fendant, its agents and servants, in failing to
notify him of said telephone call, plaintiff's
wife was caused to suffer great and excruciating
pain and mental worry and anguish and dis-
tress of mind and uneasiness on account of
the fact that their said baby was seriously
sick and was expected to die, and she was un-
able to get any message to her husband, the
plaintiff herein, so that he could come home and
be a comfort and help to her during these try-
ing hours for a period of three or four days,
she all the time expecting said baby to die and
being advised by her physicians that it could
not live; that she was thereby rendered ex-
tremely nervous and caused to lose sleep, and
was finally confined to her bed by nervous pros-
tration on account of the absence of her hus-
band and on account of the fact that she could
get to him no communication as to the serious
condition of their said baby. And plaintiff
avers that by reason of the premises he has
been damaged in the sum of $2,500 on account
of the physical and mental pain and worry and
distress of mind endured by his wife."

C. M. Means, S. P. English, and John E.
Frank, all of Dallas, for appellant.
Evans & Shields, of Greenville, and
Mahaffey, Keeney & Dalby, of Texarkana, for
appellee.

WILLSON, C. J. (after stating the facts
as above). In its brief appellant insists that
a cause of action against it was not stated in
appellee's petition, in that it was not there-
in alleged that appellant "undertook or
agreed or became bound to transmit or de-
liver the call made the basis of the suit,"

and in that it was not therein alleged "that there was a payment or offer to pay for services rendered or to be rendered, or a readiness and willingness to pay therefor."

[1] It seems to be settled law in this state that a petition in which such allegations or their equivalent is omitted is subject to a general demurrer, and therefore cannot be the basis of a judgment in the complainant's favor. Telegraph Co. v. Henry, 87 Tex. 165, 27 S. W. 63; Lewis & Renfro v. Tel. & Tel. Co., 59 S. W. 303; Tel. Co. v. Smith, 133 S. W. 1062; Tel. Co. v. Twaddell, 47 Tex. Civ. App. 51, 103 S. W. 1120.

In the Lewis & Renfro Case the allegations were that one Weeks, plaintiff's attorney at Palo Pinto, notified the defendant's agent at that place "that he desired to converse with plaintiff Renfro at Jacksonville, and requested said agent to at once call up Jacksonville and get said Renfro to the telephone so that 'Weeks could consult with him," etc., and that defendant's agent at Jacksonville received the call and negligently failed to notify Renfro thereof. The court said:

"We think the petition fails to state a cause of action, and the trial court did not err in sustaining the general demurrer. There is no allegation that appellee undertook or agreed to serve appellants in any capacity, or to do any act or thing for failure to perform which appellee would be liable, and, if any such undertaking can be inferred from any of the allegations of said petition, it was a contract without consideration, because the petition nowhere alleges that appellants paid, or offered to pay, or were ready and willing to pay, appellee anything for the services desired of it."

In the Smith Case the allegations were that the defendant company was "engaged in the business of receiving and sending telegrams over its wires and lines for pay"; that a telegram was "turned over" to its agent at Kingsland addressed to the plaintiff at Santa Anna; and that, instead of promptly and correctly transmitting and delivering same to the addressee, the defendant negligently incorrectly transmitted and negligently delayed delivery of the telegram. The court said:

"We think the general demurrer should have been sustained. It will be noted that, while the petition alleges that Mrs. Albert Smith duly delivered to the defendant's agent at Kingsland the above-mentioned telegram for transmission addressed to plaintiff at Santa Anna, Tex., yet there is no allegation that the said Mrs. Smith, or any one for her, paid defendant for its transmission and delivery, nor is it alleged that defendant bound and obligated itself to deliver said message to plaintiff, nor is there any allegation showing that there was any contract between said parties relating to the delivery of same. Without such allegations no legal obligation was imposed upon defendant to transmit and promptly deliver the same."

It will be noted that, while it was alleged in appellee's petition that his wife "was willing and ready to pay the toll and expense thereof" to have appellant make a search for appellee in Haskell and put him in communication with Harris so the latter could tell him his child was sick, it was not alleged in said petition that appellant undertook to perform such service. Therefore it must be held that, under the authorities cited, appellee's petition was subject to a general demurrer, and hence not sufficient as a support for a judgment.

[2] While, as stated above, it was alleged in appellee's petition that his wife was ready and willing to pay the expense of getting him to the telephone in Haskell so Harris could talk with him, it seems the allegation was not supported by any evidence offered at the trial. To show liability on the part of appellant it devolved on the latter to show, in addition to an undertaking on the part of the former to perform the service in question, a consideration therefor. 1 Elliott on Contracts, § 247; Lewis & Renfro v. Tel. & Tel. Co., 59 S. W. 303.

Of the assignments in appellant's brief presenting other questions, the third is sustained. We think it was error, over the objection appellant interposed thereto, to admit as evidence the testimony of the witness Mrs. Ben Clifton set out in the statement under that assignment. The assignments remaining undisposed of, except the ninth, in which the judgment is attacked as excessive, and as to which we will not express an opinion are overruled.

The judgment will be reversed, and the cause will be remanded for such further proceedings as may be had in the court below.

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes