Lecouteur Brothers Stair Manufacturing Company v. Lyon-Gray Lumber Company et al.

No. 3136. Decided December 10, 1919.

(217 S. W., 136)

1.—Mechanics' Lien—Modification of Contract.

Where, by modification of the contract between the owner and the contractor, part of the contract price, reserved and to come due only on final completion was expended by the owner in furnishing labor and material to the contractor, diminishing thereby the amount due him, the sums so expended by the owner never became money due from him to the contractor and were not subject to mechanics' lien in favor of one furnishing materials to the contractor whose notice thereof was given after the modification of the contract, but before the expenditures so made in pursuance of it. First Natl. Bk. of Paris v. Lyon-Gray Lumb. Co., 110 Texas, 162, followed. (Pp. 178, 179).

2.—Mechanics' Lien—Filing Claim with County Clerk.

One claiming for materials furnished a contractor for construction of a building is not entitled to recover personal judgment therefor against the owner nor foreclosure of a lien against the property unless he has filed an itemized account of his claim with the county clerk as required by the statute (Rev. Stats., arts. 5623, 5635, 5637); and this is true though he have given to such owner notice of the items and amounts of his claim as required before such owner settled with the contractor. First Natl. Bk. of Paris v. Lyon-Gray Lumb. Co., 110 Texas, 162, followed. (Pp. 178, 179).

3.—Mechanics' Lien—Building Contract—Failure to Complete.

When served with notice of a materialman's lien the owner became liable to such claimant if he made subsequent payments to the contractor, irrespective of what he might ultimately owe him. But otherwise as to a part of the contract price which under the terms of the contract he was retaining in his hands to await full completion of the work. This reserved fund, where the contractor abandoned the work, and the owner, entitled so to do under the contract, completed the construction at a cost which, with payments already made exceeded the contract price, never became money due the contractor which could be subjected to the lien. First Natl. Bk. of Paris v. Lyon-Gray Lumb. Co., 110 Texas, 162, followed. (Pp. 178, 179).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Lamar County.

Lecouteur Brothers Stair Manufacturing Company was made a party by the Bank in the suit by the Lyon-Gray Lumber Company and others against the First National Bank of Paris and others, as claimant of a mechanics' lien. Being denied a recovery, it joined with various other parties in an appeal which resulted in the affirmance of the judgment against it. First Natl. Bk. of Paris v. Lyon-Gray Lumb. Co., 194 S. W., 1146. This appellant thereupon obtained writ of error, which appears to have been docketed separately, while the writs obtained by various other parties were disposed of in

the case entitled First Natl. Bk. of Paris v. Lyon-Gray Lumb. Co., the opinion next preceding this, which is here followed.

*Ike A. Wynne,* for plaintiff in error.—The Lecouteur Brothers Stair Manufacturing Company, being a materialman, and having furnished material at a value of five hundred ninety and 70/100 ·($590.70) dollars, to the contractor for the use in, and which was used in the bank's building, and having given the bank notice, as required by law, of its claim, while there were funds in its hands, owing to said contractor, said claimant's lien, given by the Constitution was preserved, and so much of the funds in the bank's hands, owing to said contractor, as was necessary to pay the claim were impounded, and said bank, paying to said contractor, after the notice was given, more than the amount of said claim, became personally liable to claimants, notwithstanding the fact that said funds may have been paid out of the so-called 20 per cent reserve fund, because, by mutual agreement, the contractor, Bank and surety had already mutually agreed, prior to the making of the contract with claimant, that said reserve fund would be released from the reservation, and would be used in payment for labor and for material, furnished for the completion of said building. The claimant was therefore entitled to its lien, and a judgment should have been in its favor for the amount of its debt and interest, and for the foreclosure of its lien. · Sec. 37, art. 16, Constitution of State of Texas; Art. 5623, Vernon's Sayles' Revised Statutes; Strang v. Pray, 89 Texas, 525; F. & M. Bank v. Taylor, 40 S. W., 877; Beilharz v. Illingsworth, 132 S. W., 106; Wilson v. Sherwin-Williams Paint Co., 160 S. W., 418; Seeling v. Alamo Iron Works, 173 S. W., 520; Nichols v. Dickson, 99 Texas, 263; Johnson v. Amarillo Imp. Co., 88 Texas, 511; Dudley v. Jones, 77 Texas, 69; Wilkerson v. McMurray, 167 S. W., 275; Baumgarten v. Mauer, 60 S. W., 451; Bassett v. Mills, 89 Texas, 162.

*Head, Dillard, Smith, Maxey & Head,* for defendants in error. See briefs in preceding case.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiff in error sought to recover of the First National Bank of Paris the amount owing to it for materials furnished for a building, constructed for the Bank, by Jno. T. Finn, contractor, and to foreclose a lien, for said amount, on the building and appurtenant lots.

The District Court denied plaintiff in error a recovery because it did not appear that the Bank owed the contractor any sum of money at or subsequent to the date of service of notice of plaintiff

in error's claim, it appearing that no payments were made to the contractor after service of such notice.

The District Court's conclusions of fact show that the contract between the Bank and contractor Finn authorized the Bank to retain 20 per cent. of the amount of labor and material going into the building, as estimated by the architect, until its completion, and that prior to the service of notice of plaintiff in error's claim, the Bank and the contractor agreed for the Bank to use part of this reserve fund to pay for labor and material required to complete the building and the Bank made certain payments for such labor and material subsequent to the receipt of notice of plaintiff in error's account.

It further appears, from the conclusions of fact, that plaintiff in error failed to file any account in the office of the county clerk, and the Court of Civil Appeals held that such failure precluded the award to plaintiff in error of any relief sought by it against the Bank or its property.

The holding of the Court of Civil Appeals was correct. We have stated our reasons for this conclusion in considering the claim of the Ingram Millwork Company for materials furnished to contractor Finn, for the Bank's building, in the case of the First National Bank of Paris, Texas, et al., v. Lyon-Gray Lumber Company et al., *ante,* p. 162, 217 S. W., 133, and refer to our opinion this day filed in that case, without restating our views.

We are also of the opinion that the conclusion of the District Court was correct, on the finding that the facts fail to show an indebtedness from the owner to the contractor, at any time after the service of notice of plaintiff in error's claim, such as was requisite to warrant holding that the Bank became liable to plaintiff in error or that plaintiff in error was entitled to enforce any lien on the Bank's property. What we said in the opinion above referred to, in considering the claims of the Texas Glass & Paint Company and others is decisive on this point.

It follows that the judgment of the Court of Civil Appeals was correct and it is affirmed.

*Affirmed.*