**CARR v. TUDOR et al.　(No. 2375.)**

(Court of Civil Appeals of Texas. Amarillo. Oct. 22, 1924. Rehearing Denied Nov. 19, 1924.)

**1. Garnishment ⬳216—Allegations of petitions by interveners authorized judgment necessary to adjudicate their claims to funds impounded.**

Allegations of petitions by interveners of facts as to their work for defendant on railway property and claim of lien on funds paid into court by garnishee railway, without asking affirmative relief against defendant, except in so far as judgment was necessary to adjudicate their claims, and asking judgment against garnishee for sums impounded, sufficiently authorized judgment necessary to adjudicate their claims.

**2. Railroads ⬳159(10)—Registration of accounts for work in grading right of way unnecessary.**

It is unnecessary to register accounts for work and labor in grading right of way of railroad to fix lien therefor; such work being within Rev. St. art. 5640 et seq.

**3. Railroads ⬳159(10)—Registration of account prerequisite to lien for work on embankment to tank off right of way.**

Lien for work and labor in throwing up embankment around oil tank used by railroad some distance from right of way is under Vernon's

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ann. Civ. St. Supp. 1918, art. 5623, and filing accounts for registration is prerequisite.

**4. Railroads** ⟷188—**Allegation and proof of filing account for registration essential to foreclosure of lien for work off right of way.**

Where filing account for registration under Vernon's Ann. Civ. St. Supp. 1918, art. 5623, was essential to claim of lien for work and labor off railroad right of way, allegation and proof of such fact was necessary to sustain judgment of foreclosure.

Error from District Court, Lubbock County; Clark M. Mullican, Judge.

Action by Robert F. Carr against K. K. Tudor, in which ancillary garnishment was issued against the P. & S. F. Railway Company, and various lien claimants intervened. From judgment rendered, plaintiff brings error. Affirmed in part; reversed in part and remanded.

Baldwin & Koons, of Slaton, for plaintiff in error.

John L. Ratliff, of Lubbock, and I. B. Lane, of Slaton, for defendants in error.

·BOYCE, J. Ancillary garnishment against the P. & S. F. Railway Company was had in a suit by Robert F. Carr against K. K. Tudor. The railway company answered that it owed K. K. Tudor the sum of $899.92 for grading work done for it at two places—one on the roadbed, known as the Munroe work, the other in throwing up an embankment around an oil tank used by it some distance from its railroad near Slaton, known as the Slaton work; that it is informed that certain named persons performing labor for Tudor on said work claim a lien against the railroad property to secure the payment of their claims; and that no judgment should be rendered on the garnishment until the rights of said· parties had been adjudicated. Such persons intervened in said cause ·and asserted their respective claims.

On trial without a jury judgment of debt was rendered in favor of Carr against Tudor. The claims of the interveners were allowed, and they were given judgment therefor against K. K. Tudor; and, the railway company having paid the amount due on the contract into court, it was adjudged that the interveners be paid said respective amounts due them out of the funds in the registry of the court. The appeal calls in question only that part of the judgment in favor of the interveners.

[1] It is first insisted that the judgment in favor of the interveners against K. K. Tudor cannot be sustained, because the interveners did not pray for judgment against him, and that such judgment was essential to the establishment of any claims against the funds due by the railway company to K. K. Tudor. The interveners alleged the facts as to their work for Tudor on the railway property and claimed a lien against the railway company. The petition expressly stated that the interveners did not ask for affirmative relief against Tudor, "except in so far as such judgment is necessary to properly adjudicate their claims and are only asking judgment against the garnishee railway company for the amount now impounded ·in its hands, and is therefore asking the court for permission to thus intervene in order that their rights might be adjudicated, and costs lessened and speedy settlement obtained, etc." We think the pleading was sufficient to authorize the court to enter any judgment necessary to adjudicate the claims of the interveners to the funds in court.

[2-4] The pleading of the interveners did not state that they had filed for record itemized accounts of· their respective claims; the evidence shows that some of these accounts were filed, but there is absence of such showing as to others. The work at Munroe was on the right of way, and came within the terms of article 5640 et seq., R. S.; it was not necessary to register accounts for such work in order to fix the lien. The work at Slaton would not come within the provisions of such article of the statutes. National Bank of Cleburne v. G. C. & S. F. Ry. Co., 95. Tex. 176, 66 S. W. 203; and, if the interveners have a lien for such work, it must be by virtue of the provisions of article 5623, Vernon's Civil Statutes 1918 Supplement. The filing of these accounts for registration in the mechanics' lien record was prerequisite to the fixing of the liens. First National Bank v. Lyon-Gray Lumber Co., 110 Tex. 162, 217 S. W. 133. Allegation and proof of such essential fact was therefore necessary to sustain a judgment of foreclosure of lien on such claims. We find nothing in the. law or the decisions that would warrant the conclusion that the filing of the suit and the adjudication of the claims therein will take the place of the registration of the accounts, as provided by law.

The judgment as between Carr and K. K. Tudor, and as between the interveners and K. K. Tudor, will be affirmed; that part of the judgment which settles the rights of interveners E. D. Smith and W. E. Connell (their claims originating in work done at Munroe) to the funds in the registry of the court will also be affirmed; the judgment in favor of the other interveners in reference to such funds will be reversed and the cause remanded for the adjudication of the rights of such interveners and the plaintiff in garnishment ˙thereto. The costs of the appeal will be adjudged against the interveners D. E. Scott, Jim Castleberry, and V. J. Tudor.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes