## McLENNAN v. KELLOGG DRILLING CO. et al. (No. 2476.)

(Court of Civil Appeals of Texas. Amarillo. April 22, 1925. Rehearing Denied May 20, 1925.)

1. **Constitutional law** ⬤⟿34—**Constitution does not fix lien of mechanic or materialman independent of action required by statute.**

Const. art. 16, § 37, does not fix lien of mechanics and materialmen on buildings and articles prepared by them independent of action required by statute.

2. **Mechanics' liens** ⬤⟿132(1)—**To fix lien of materialman for casing furnished drilling contractor, it was mandatory that itemized claim be filed within 90 days.**

To fix lien of materialman selling casing to drilling contractor against materials, so as to

protect himself from subsequent purchasers, it was mandatory that itemized claim be filed within 90 days as required by Vernon's Ann. Civ. St. Supp. 1918, art. 5623, in view of articles 5639b and 5639d.

Appeal from District Court, Young County; W. F. Schenck, Judge.

Suit by A. R. McLennan and others, composing the firm of the Levant Oil Company, against R. M. Kellogg and others, composing the firm of the Kellogg Drilling Company, and others. From a judgment for plaintiff named against the Kellogg Drilling Company and individual members thereof, and for defendant C. E. Beavers, plaintiff McLennan appeals. Affirmed.

Marshall & King, of Graham, for appellant.

M. D. Brown, of Graham, for appellees.

JACKSON, J. This suit was instituted in the district court of Young county originally by Frank L. Ketch, John T. King, and A. R. McLennan, composing the firm of the Levant Oil Company, against R. M. Kellogg, G. M. Reading, and G. C. Hellier, composing the firm of the Kellogg Drilling Company, and against C. E. Beavers and D. H. Bolin, composing the firm of the Acme Rental & Fishing Tool Company.

By amended petition, the suit was prosecuted by A. R. McLennan, as the owner of the debt sued upon, alleging that on May 11, 1923, the Levant Oil Company sold and delivered to the Kellogg Drilling Company 101 joints of Ætna casing, which immediately after the sale was removed to Jack county, Tex., to be used in the drilling of a well for the Atlantic Oil Producing Company, for which the Kellogg Drilling Company and the individuals composing the firm promised to pay $3,432.48; that after the sale and delivery of said casing to the Kellogg Drilling Company and the members thereof, they sold and delivered said casing to C. E. Beavers and D. H. Bolin, who removed the same to Young county; all of which was without the knowledge or consent of plaintiff or the Levant Oil Company.

Plaintiff further alleges that, as required by law, on September 6, 1923, he filed in Jack county, Tex., an itemized account of the claim, whereby he fixed a first lien against said property to secure the payment of his indebtedness, the balance of which, after being credited with all payments made, is $2,951.63, and attached to his petition and made a part thereof, is a copy of the instrument filed. He also alleges that C. E. Beavers and D. H. Bolin took possession of, and converted to their own use, said property, and asks for judgment for his debt, foreclosure of his lien against all the defendants, and for damages against C. E. Beavers and D. H. Bolin for conversion.

The defendants C. E. Beavers and D. H. Bolin, for themselves and their firm, the Acme Rental & Fishing Tool Company, answered by general demurrer and special exceptions, and specially pleaded that C. E. Beavers had bought said casing from the Kellogg Drilling Company for a valuable consideration, without notice of any lien or claim held by plaintiff, on the 10th day of August, 1923, on which date title and possession was delivered to the said Beavers.

These defendants also pleaded that the lien claimed by plaintiff was invalid as to them, because filed after the expiration of 90 days from the date of the sale of the casing to the Kellogg Drilling Company, and after C. E. Beavers had purchased the casing, and also pleaded not guilty. None of the other defendants answered.

At the conclusion of the testimony, D. H. Bolin and the Acme Rental & Fishing Tool Company were dismissed on their disclaimer, and the court peremptorily instructed the jury to find in favor of plaintiff against the Kellogg Drilling Company, a firm composed of R. M. Kellogg, George M. Reading, and G. C. Hellier, and R. M. Kellogg individually, for the sum of $2,951.63, and to find that plaintiff take nothing by his suit against C. E. Beavers, and that he be discharged with his cost. The jury returned a verdict as instructed, and judgment was rendered accordingly. A. R. McLennan, who is appellant, presents as error, by proper assignments, the action of the trial court in peremptorily instructing a verdict in favor of C. E. Beavers, who is appellee.

The record discloses, without controversy, that the Kellogg Drilling Company purchased from the Levant Oil Company, the assignor of appellant, on May 11, 1923, the casing to be used in a well for the Atlantic Oil Producing Company, which was promptly moved to the well in Jack county, Tex.; that the Kellogg Drilling Company was the contractor to drill the well, and no contractual relations existed between the assignor of appellant and the Atlantic Oil Producing Company, the owner; that on August 10, 1923, C. E. Beavers purchased said casing from the Kellogg Drilling Company at the well site in Jack county, and on September 6th thereafter, an itemized account of the claim sued on, properly describing the casing, was filed in the county clerk's office of Jack county, Tex., to fix the lien against the casing and secure the purchase price thereof.

No contention is made that appellee had any actual or constructive notice of appellant's claim at the date he purchased the casing from the Kellogg Drilling Company. Appellant's contention is, that by virtue of being a materialman, he had a lien for the purchase price of the casing sold, and, to protect himself against subsequent purchas-

ers, he had four months within which to comply with the statute, by filing an itemized account of his claim in the county clerk's office, and validate his lien. It is admitted that the obligation became due May 11, 1923.

[1] Section 37, art. 16 of the Constitution of the state of Texas is:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Interpreting this provision of the Constitution, the courts hold that this section does not fix a lien, independent of the action required by the statute, in favor of one furnishing material to a contractor, consequently, appellant could not rely on a lien by virtue of the Constitution, but must comply with the provisions of the statute to give validity to the lien. Atkinson v. Jackson Bros. (Tex. Civ. App.) 259 S. W. 280; First National Bank v. Lyon-Gray Lumber Co. (Tex. Civ. App.) 194 S. W. 1147, Id., 110 Tex. 162, 217 S. W. 133; Lecouteur Bros. Stair Mfg. Co. v. Lyon-Gray Lumber Co., 110 Tex. 177, 217 S. W. 136; Berry v. McAdams, 93 Tex. 434, 55 S. W. 1112; First Baptist Church v. Carlton Lumber Co. (Tex. Civ. App.) 173 S. W. 1179.

[2] Article 5639b, Vernon's Ann. Civ. St. Supp. 1918, provides that a materialman who shall furnish material or supplies to a contractor for a well shall have a lien upon the material and supplies furnished in the same manner and to the same extent as the original contractor; and article 5639d, provides that, to fix such lien, notice thereof shall be given and filed and recorded within the same time and in the same manner as provided in chapter 2, title 86, Revised Statutes of 1911, "relating to liens for mechanics, contractors, builders, and materialmen."

Chapter 2, tit. 86, art. 5623, Vernon's Ann. Civ. St. Supp. 1918, provides, among other requirements, that any person, firm, or corporation who may furnish any material to any contractor may fix his lien at any time within 90 days after the indebtedness shall have accrued, by filing in the county clerk's office of the county an itemized account of his claim, as the law requires.

Appellant was a materialman selling to the contractor, and to fix his lien against the material so as to protect himself against subsequent purchasers, it was mandatory that he comply with the statute (First National Bank of Paris et al. v. Lyon-Gray Lumber Co. et al., 110 Tex. 162, 217 S. W. 133, and authorities cited; Atkinson v. Jackson Bros. [Tex. Civ. App.] 259 S. W. 280); and it is our opinion that appellant's itemized claim should have been filed within 90 days, as required by article 5623, Vernon's Ann. Civ. St. Supp. 1918.

He failed to do so, and appellee acquired title to the casing by his purchase from the Kellogg Drilling Company, and the trial court was justified in giving the peremptory instruction.

Finding no error in the record, the judgment is affirmed.