Gray v. Osborne.

GEORGE H. GRAY AND OTHERS V. DANIEL C. OSBORNE.

A petition, which merely alleges that the defendants are indebted to petitioner, as is evidenced by a certain promissory note, made a part thereof, but which, it is not averred, was either made, executed, or delivered by the defendants, is bad, on general exception.

Nor will the allegation, that one of the defendants executed and delivered a mortgage, (the substance of which is set out,) to secure the note, unless it be averred, that the mortgage discloses the fact, that the note was executed by the defendants, cure the defect.

The plaintiff must show a good cause of action, by appropriate averments of the facts which constitute it, and not merely state the evidence by which it may be maintained, or conclusions derived from the evidence.

ERROR from Travis. Tried below before the Hon. Alexander W. Terrell.

This was a suit by the defendant in error, against George H. Gray, Frederick W. Chandler, and Morgan C. Hamilton, the plaintiffs in error, on a promissory note for $518.06.

The plaintiff, in the petition, averred that the defendants were indebted to him in the sum of $518.06, with interest thereon from the 1st of July, 1857, "as is evidenced by a certain promissory note, which is prayed to be taken as a part of this petition." A copy of the note was then set out in the petition; and, after the usual averments of the failure of the defendants to pay the note, and a prayer for judgment for the amount due, it was further alleged, that in order to secure the payment of the said note, George H. Gray did, on the 11th day of August, 1856, execute and deliver a mortgage on a certain tract of land, described in the petition.

The defendants filed a general exception, and also special exceptions and answers to the merits, which need not be noticed. Their exceptions were overruled, and judgment was given against them for the amount of the note and interest, and a foreclosure of the mortgage, as to the defendant, Gray; and from this judgment, they prosecuted their writ of error.

*Shelley & Carrington*, for the plaintiffs in error.

*John T. Allen*, for the defendant in error.

BELL, J.—The petition contains no allegation, that the note described in it was either made, or executed, or delivered by the defendants in the court below. The allegation of the petition is, that the defendants are indebted to the petitioner, as is evidenced by a certain promissory note, &c. In a subsequent part of the petition, it is alleged that George H. Gray executed and delivered his certain deed of mortgage, &c. ; and the substance of the mortgage purports to be set out in the petition, but it is not alleged that the mortgage discloses the fact, that the note sued on was executed by the defendants.

We are of opinion, that the petition does not disclose a good cause of action against any of the defendants ; and certainly it does not against all of them, against whom the judgment was rendered. The demurrer was, therefore, improperly overruled. The cases of Jennings v. Moss, 4 Texas Rep. 452 ; Frazier v. Todd, Id. 461, and several later cases, decided by this court, announced the plain and elementary rule, that the plaintiff must show to the court a good cause of action, by appropriate averments in the petition ; these averments must be of the facts which constitute the cause of action in the given case, and not merely statements of the evidence by which the cause of action, if stated, might be maintained, or of conclusions derived from the evidence.

The court cannot, in violation of the plainest rules, come to the aid of a party, although it may be easily inferred, from the aspect of the particular case, that there will ensue a long delay in the collection of a just demand. The judgment is reversed, and the cause remanded.

Reversed and remanded.