AMERICAN CENTRAL INSURANCE COMPANY v. J. H. WHITE.

Decided April 8, 1903.

**Insurable Interest.**

  Plaintiff's allegation that the insurance policy sued on was issued upon "his" household and kitchen furniture, sufficiently charged that he had an insurable interest; and his testimony that the property described in the policy was destroyed in his house where he resided with his family was sufficient, prima facie, to show an insurable interest in him in the absence of controverting evidence.

Error from the District Court of Lamar. Tried below before Hon. Ben. H. Denton.

*Burdett & Connor,* for plaintiff in error.

*Dudley & Sturgeon,* for defendant in error.

STREETMAN, ASSOCIATE JUSTICE.—Defendant in error recovered judgment on a fire insurance policy on certain furniture and household goods, from which this writ of error is prosecuted.

The first assignment complains that the court erred in overruling a general demurrer, because the allegations of the petition did not show that the defendant in error had an insurable interest in the property at the time the policy was issued; and the fourth and fifth assignments complain that there was no evidence to show that either at the time the policy was issued or at the time the loss occurred, the defendant in error owned an insurable interest in the property.

The petition alleged that on the 29th day of October, 1901, the defendant executed and delivered to plaintiff a policy of insurance, by the terms of which it insured plaintiff against loss by fire on *his* household and kitchen furniture, describing it. It further alleged that while the policy was "in full force and effect  *  *  *  all of plaintiff's said household and kitchen furniture  *  *  *  was totally destroyed by fire, and was the property of plaintiff at the time of loss."

The policy was introduced in evidence, and by its terms insured plaintiff against loss by fire "on *his* household and kitchen furniture, etc." The plaintiff testified: "The property described in the policy was totally destroyed by fire while in my house where I resided with my family, consisting of my wife and two children, which was situated at No. 620 east side North Main Street, Paris, Texas, on the night of the 4th of November, 1901, after the policy was delivered to me by agents of defendant, and while same was in full force." No evidence was offered to contradict this.

We conclude that the allegation in the petition that the policy was issued on *his* property, and that the policy was in full force at the time of the loss, as against a general demurrer, sufficiently alleges the ownership of the property (N. W. N. Insurance Co. v. Woodward, 18 Texas

Civ. App., 496; German Insurance Co. v. Pearlstone, 18 Texas Civ. App., 706), and the evidence of plaintiff that the property was in his private dwelling occupied by him and his family, is prima facie proof of ownership. L. L. & G. Insurance Co. v. Nations, 24 Texas Civ. App., 562.

Finding no error in the judgment, it is affirmed.

*Affirmed.*