# DECEMBER, 1915

H. W. HOVENCAMP ET AL. V. UNION STOCK YARDS COMPANY.

No. 2419.   Decided December 1, 1915.

**1.—Practice on Appeal—Rendering Judgment.**

Unless there is no evidence of probative force to sustain a finding of negligence by defendant as basis of a judgment against him, the appellate court, on reversal should remand for a new trial, not render judgment for defendant. (P. 425.)

**2.—Stock Yards—Negligence—Duty—Pleading.**

In an action against a stock yards company receiving, unloading and caring for cattle consigned to the owner and shipper in care of a commission merchant renting pens and sheds from it, a general allegation that it was the duty of such company to notify the commission merchant of their arrival, and of its neglect to do so, was sufficient, as against a general demurrer, upon which every reasonable intendment is in favor of the pleading, to permit evidence of the circumstances raising such duty, though, as against special exceptions, the pleader would be required to show how such duty arose. P. 425.)

**3.—Agency—Commission Merchant—Stock Yards Company—Notice.**

The fact that the employees of a stock yards company, in handling and caring for cattle, received at such yards and consigned to a commission mer-

chant renting pens from it, acted generally under the directions of such commission merchant, who paid the company for their services, did not show that such employees were agents solely of the shipper and his commission merchant and the company relieved from all responsibility for their default. Particular circumstances (sickness and dangerous condition of the stock) might show a duty on the part of the company to notify the commission merchant of their arrival and condition, so as to afford him opportunity to order care necessary in view thereof. (Pp. 425, 426.)

#### 4.—Stock Yards Company—Liability for Negligence.

The duty of a stock yards company renting pens and offices to commission merchants and furnishing hands for care of stock consigned to them resembles that of a livery-stable keeper or of an agister of cattle, and imposes on it a duty of ordinary care, except as to such services by its employees as are performed wholly under the direction of the commission merchant. (P. 426.)

#### 5.—Same.

The arrival at the yards of a shipment of fine stock, sick and overheated, and in very hot weather, was a circumstance raising a question of fact for the determination of a jury as to the duty of the stock yards company to give notice to the commission merchant in whose care they were consigned, in order that he might give them the special attention and care required. (P. 426.)

#### 6.—Charge—Stock Yards Company—Injuries in Transportation.

In an action for damage to and loss of stock, against the railway transporting and the stock yards company receiving at destination cattle shipped by rail, a charge holding defendants liable if they or either of them "failed to exercise ordinary care in the transportation and handling and caring for" the animals was erroneous as holding the stock yards company liable for negligence of the railway in their transportation. (Pp. 426, 427.)

#### 7.—Charge—Measure of Damages—Live Stock.

In a suit against a railway company and a stock yards company for loss of and injury to cattle transported by the one and handled at destination by the other, a charge giving the measure of damages as the difference in value at destination if delivered uninjured and that in their condition as delivered, was erroneous as to the stock yards company. It was liable only for damages due to its own negligence, though the animals died after coming to its hands. (Pp. 427, 428.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

Hovencamp and others sued the Missouri, Kansas & Texas Railway Company of Texas and the Union Stock Yards Company. They recovered against the latter only and it appealed, resulting in affirmance of the judgment in favor of the railway company, while that against the stock yards company was reversed and rendered in its favor. Hovencamp et al. then obtained writ of error.

T. D. Cobbs and T. D. Cobbs, Jr., for plaintiffs in error.—The appellate court erred in rendering judgment, there being evidence of negligence sufficient to support the verdict of the jury and the question being one of fact. International & G. N. R. Co. v. Kindred, 57 Texas, 502; Houston & T. C. R. Co. v. Larkin, 64 Texas, 460; Durrell v. Farwell, 88 Texas, 110; San Antonio St. Ry. Co. v. Helm, 64 Texas,

149; Gibson v. Hill, 23 Texas, 83; Garner v. Cutler, 28 Texas, 184; Willis v. Lewis, 28 Texas, 192; Briscoe v. Bronaugh, 1 Texas, 340; Russell's Heirs v. Mason, 8 Texas, 226; Long v. Steiger, 8 Texas, 460; Stewart v. Hamilton, 19 Texas, 101; Houston & T. C. R. Co. v. Gerald, 128 S. W., 170.

Like a warehouseman or an agister of cattle, a stock yards company is bound to use ordinary care. Delaware L. W. Co. v. Central Stock Yards, 45 N. J. Eq., 50, 6 L. R. A., 860; Ratcliff v. Wichita Union Stock Yards, 74 Kan., 1, 6 L. R. A. (N. S.), 835; Hale on Bailment and Carriers, pp. 240, 250; Coffield v. Harris, 2 App. C. C. (Willson), 273; Texas Elev. & Comp. Co. v. Mitchell, 78 Texas, 64, 14 S. W., 275.

A sub-agent appointed by authority expressly given or implied by the use of trade incurs a direct responsibility to the principal. Commercial Bank v. Jones, 18 Texas, 820.

*Webb & Goeth,* for defendants in error.—The petition fails to state any cause of action against appellant because there is no allegation that the stock yards company undertook, agreed or was under any obligation to serve appellees in any capacity whatever, or to do anything for the failure to perform which it would become liable. Lewis v. S. W. Tel. & Tel. Co., 59 S. W., 303-304; Telegraph Co. v. Henry, 87 Texas, 168; Insurance Co. v. Davidge, 51 Texas, 249; Insurance Co. v. Davis, 45 S. W., 605; Cassidy v. Mtg. Co., 27 Texas Civ. App., 211, 64 S. W., 1030; Jones v. Holliday, 11 Texas, 415.

The animals being consigned by appellees to Geo. W. Saunders Commission Company, who assumed the duty under the law as commission merchants and factors, to feed, water, stable and otherwise care for them, a stranger to such contract would not be liable to appellees for negligence in failing to perform the obligation assumed by the commission company. Roddy v. Railway Co., 104 Mo., 234, 15 S. W., 1112-1114; State v. Harris, 46 Am. Rep., 107; Bank v. Ward, 100 U. S., 195-205.

A commission merchant, or factor, has the exclusive control, management and sale of live stock consigned to him, and he can not delegate his authority, and to that end becomes solely responsible for yarding, feeding and watering such live stock. 19 Cyc., pp. 118, 119, 120; 31 Cyc., p. 1425; Words and Phrases, vol. 1, pp. 881-882; Words and Phrases, vol. 2, p. 1305.

The charge of the court must conform to the pleadings and the evidence. It is alleged and proven that appellees made a contract with the railway company alone to transport the animals from Fort Worth to San Antonio, but, nevertheless, the court in its charge assumed that appellant would be liable for negligence resulting in damages during such transportation. The charge of the court informed the jury that if they believed that the defendants, or either of them, failed to exercise ordinary care in the transportation and handling and caring for the bulls shipped by the plaintiffs, etc., they should return a verdict in favor

of plaintiffs. Cook v. Dennis, 61 Texas, 248; Carothers v. McIlhenny Co., 63 Texas, 146; Railway Co. v. Sweeney, 6 Texas Civ. App., 173, 24 S. W., 947-948; Smith v. Montes, 11 Texas, 25; Railway Co. v. Harris, 36 S. W., 777.

The charge of the court must conform to the pleadings, and it is error to submit a measure of damages for the consideration of the jury which finds no support in the petition, but in no event would appellant be liable for damages caused by the railway company, it being an independent agency. Railway Co. v. Klepper, 24 S. W., 567; Railway Co. v. Godair, 3 Texas Civ. App., 514, 22 S. W., 777; Railway Co. v. Butler, 31 Texas Civ. App., 576, 73 S. W., 84-85; Railway Co. v. Leibold, 55 S. W., 368-369; Railway Co. v. Johnson, 29 S. W., 430.

When the facts are undisputed and there is no room for ordinary minds to differ as to the conclusion to be drawn from the evidence, or if no issue of fact can arise for the decision of a jury, or if upon the trial a verdict should have been directed by the court, the Supreme Court will render final judgment. Beck v. Texas Co., 105 Texas, 303; Blossom Oil Co. v. Poteet, 104 Texas, 230; Radley v. Knepfley, 104 Texas, 134-135; Miller v. Wayman, 157 S. W., 197-202; Marshall v. Beason, 165 S. W., 75; McKinney Ice, etc., Co. v. Montgomery, 176 S. W., 767-774; Railway Co. v. Moore, 172 S. W., 568; Foard County v. Sandifer, 151 S. W., 523; Henne v. Moultrie, 97 Texas, 217; Parrish v. Fry, 44 S. W., 326; Gulf Refining Co. v. Pagach Bros., 146 S. W., 719-720; Williams v. Randell, 158 S. W., 253; Standard Paint Co. v. San Antonio Co., 136 S. W., 1151; Davis v. Joiner, 140 S. W., 252; Trezevant v. Powell, 130 S. W., 235; Western Union Tel. Co. v. Carter, 156 S. W., 332; Maverick v. Routh, 26 S. W., 1010.

When the plaintiff fails to make out a case as shown by both the pleading and the proof, a judgment in his favor should be reversed and rendered for the defendant. Freear-Brin Co. v. Merritt, 174 S. W., 859-861.

When it appears upon the face of the whole record that the case has been fully developed in the trial court and the question presented rests entirely upon a question of law, the Supreme Court will render final judgment. Blum v. Strong, 71 Texas, 321; Watts v. Overstreet, 78 Texas, 571-578; N. Y. & T. Steamship Co. v. Wright, 26 S. W., 106; Wimple v. Patterson, 117 S. W., 1034-1037; Railway Co. v. Enos, 92 Texas, 577-580; Porter v. Martyn, 32 S. W., 731-733; Nunn v. McCausland, 23 S. W., 418.

MR. JUSTICE YANTIS delivered the opinion of the court.

Plaintiffs in error sued to recover damages from the Missouri, Kansas & Texas Railway Company of Texas for the alleged negligent handling of a shipment of bulls during their transportation and carriage by said railway company from Fort Worth, Texas, to San Antonio, Texas, and to recover damages from the defendant in error, the Union Stock Yards Company, alleged to be a corporation doing business in Bexar County,

Texas, for its alleged negligence in handling the cattle after they were delivered to it by the said railway company. There was a judgment in favor of the railway company, discharging it from liability, and no appeal therefrom was taken. The plaintiffs in error recovered a judgment against the Union Stock Yards Company, and upon appeal the honorable Court of Civil Appeals reversed and rendered said judgment in favor of the defendant in error. The writ of error was granted by this court on the petition of Hovencamp et al., plaintiffs in error, this court expressing the view that the case should not have been rendered by the honorable Court of Civil Appeals. We adhere to that view. We have made a careful examination of the evidence, and have reached the conclusion that we can not say there is no evidence of probative force tending to support the allegations of negligence upon which a recovery was sought. The evidence is sufficient to make an issue of fact as to whether the Union Stock Yards Company was guilty of negligence in failing to notify the plaintiffs in error, or their agents, the Saunders Commission Company, of the arrival of the bulls, and in the manner in which said stock yards company exposed said bulls to the heat of the sun in open and unprotected pens, these being the grounds of negligence upon which a recovery was predicated.

It was not error for the trial court to overrule the general demurrer to the original petition on which the case was tried. While the allegations would be insufficient against appropriate special exceptions, we think they are sufficient as against a general demurrer, where the rule is that every reasonable intendment should be indulged in favor of the pleading thus attacked. There is no allegation in the petition which directly alleges how and in what manner it became the duty of the Union Stock Yards Company to notify the plaintiffs in error, or its agent, the Saunders Commission Company, of the arrival of the bulls, but the petition does allege that it was the duty of the stock yards company to so notify the plaintiffs or their agent, and that it neglected so to do. The petition also alleges that the bulls arrived in bad condition; that several were in a dying condition, and that the stock yards company negligently placed them in open and unprotected pens, and thereby exposed them to the heat of the sun, and that such conduct was the direct and proximate cause of the death of some of the bulls, and of the injuries to several others. These allegations would admit evidence in support thereof. It would be better pleading to show how the duty, whose failure is complained of, arose, rather than to plead a conclusion, but there was no special exception to the form of the allegation, and it can not be said, in view of the allegations recited, that the petition was fatally defective when giving it the benefit of every reasonable intendment, which it is our duty to do.

We can not sustain the contention of the defendant in error that the agents and servants of the stock yards company who handled the bulls were handling them exclusively as the agent and servants of the Saunders Commission Company, and that the latter alone would be liable

for their negligence, if any, in the manner of caring for the bulls. There is some evidence of this nature which might tend to prove that in several particulars the Saunders Commission Company, agent for the plaintiffs in error, had the power of direction over said servants, but it does not go to the extent of establishing as a matter of law that such power of control and direction was exclusive, there being evidence from which it could be inferred that it was the duty of the stock yards company to control its servants in the matter of giving prompt notice of the arrival of the bulls, as well as the degree of care the stock yards company should give the bulls until such time as the Saunders Commission Company could be notified of their arrival. There is evidence from which it might be inferred by the jury that the agents and servants of the stock yards company were employed by it, and paid by it, and that the business of the stock yards company was to furnish pens for cattle to unload, weigh, feed and water, and deliver them into the pens set aside for the use of the several commission agents in cases where the shipment was to any of the commission men who had arranged with it for the use of its pens, and that all this service was done by the defendant in error for hire, a charge being made and collected by it for such services. This was the line of its business which it conducted for profit, quite like the keeper of a livery stable conducts his business, and is similar to the business of the agistor who allows the use of his pasture to the owners of cattle and horses for hire, in which cases it is well settled that the duty arises to exercise ordinary care to safely handle the stock intrusted to the livery stable keeper, or to the agistor. We think the same rule would apply in the instant case except as to the performance of such duties by the servants of the stock yards company as were to be performed under the exclusive direction of the Saunders Commission Company. The evidence presented on this appeal is not conclusive that the Saunders Commission Company had any control over such servants in the matter of giving notice to it of the arrival of the bulls, or in the matter of the proper care of bulls arriving in an overheated condition, like these bulls arrived, until they could be actually delivered to the Saunders Commission Company, or until notice of their arrival and condition could be made to it. It was upon these questions that the plaintiffs in error alleged a failure to exercise ordinary care by the stock yards company and its servants, and we hold negligence could be predicated upon such questions, and it would be for the jury to determine from the evidence whether such negligence was in fact committed.

Several objections are leveled at the court's charge. Some of them are well taken, and must be sustained. The first paragraph of the court's charge authorized a recovery against the Union Stock Yards Company for the negligence that occurred during the transportation of the bulls from Fort Worth to San Antonio. This was error as applied to the defendant in error, as the undisputed evidence shows that the stock yards company had no control of the bulls until they were de-

livered to them subsequent to their shipment from Fort Worth to San Antonio. Only the railroad company would be liable for injuries which were caused by negligence in the manner of shipment. The construction we give to this charge we realize was not intended by the learned trial judge, but still it contains the vice stated, and was calculated to mislead the jury.

The court's charge on the measure of damages must have been intended to have application in case the jury should find damages against the railroad company, for it does not announce the correct rule as applied to the Union Stock Yards Company, having in view the evidence introduced. The charge is as follows:

"If you find for the plaintiffs the measure of the damages will be the difference between the market value of the bulls in San Antonio, on May 5, 1906, if they had been delivered to the plaintiffs uninjured, and the market value in the condition they were in when delivered to the plaintiff, not to exceed, however, the sum of $950, which is the amount claimed by plaintiffs in their petition, with interest from May 1, 1906, to date at the rate of six per cent per annum."

The true measure of damages for injury to live stock when negligently inflicted during transportation is the market value at the place of delivery of those killed or rendered worthless, and the measure of damages for those that were not killed or rendered worthless, but which were injured during shipment, would be the difference between their market value as delivered and what it would have been had they been handled with proper care during shipment. The charge on the measure of damages which was given allowed a recovery against the defendant in error for the injuries that were inflicted during their transportation, for which, under the facts, only the railroad company could be liable. It authorized a recovery against the defendant in error for the difference between the value of the bulls in an uninjured condition and their value when delivered to the plaintiffs in error. But the undisputed evidence shows that some of the bulls were badly injured and some of them in a dying condition when they were received by the defendant in error and damages for such injuries as were inflicted before the defendant in error received them should not be recovered from the defendant in error.

The true measure of damages as applied to the defendant in error should be the difference between their market value in San Antonio in the condition they then were when received by it from the railroad company and the market value when delivered by it to the plaintiffs in error, except that it should not be held responsible for the value of any of the bulls which died as the proximate result of injuries inflicted during transportation, but as to the bulls which died it should only be held responsible for the market value in San Antonio of those that died as the proximate result of its own negligence, if any, and not for the value of those that would have died, if any, from the injuries received before they were delivered to the defendant in error. Texas &

P. Ry. Co. v. Klepper, 24 S. W., 567; Gulf, C. & S. F. Ry. Co. v. Godair, 3 Texas Civ. App., 514, 22 S. W.; 777; Gulf, C. & S. F. Ry. Co. v. Butler, 31 Texas Civ. App., 576, 73 S. W., 84; Missouri, K. & T. Ry. Co. v. Leibold, 55 S. W., 368; Galveston, H. & S. A. Ry. Co. v. Johnson, 29 S. W., 430.

We conclude that the honorable Court of Civil Appeals erred in rendering judgment for the defendant in error, which judgment should be set aside, but we hold that the judgment of the trial court should be reversed and the cause remanded for another trial as between the plaintiffs in error and the defendant in error, but the judgment of the trial court should be affirmed as between them and the Missouri, Kansas & Texas Railway Company of Texas, and it is so ordered.

*Affirmed in part and in part reversed and remanded.*