PANHANDLE & S. F. RY. CO. v. PARRISH et al. (No. 2611.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1926. Rehearing Denied March 17, 1926.)

1. Carriers ⚖═229(2), 230(12)—Measure of damages for cattle killed in transit is their market value at destination at time and in condition in which they should have arrived, and for cattle injured is difference between their market value at destination at time and in condition in which they did arrive and their market value at time and in condition in which they should have arrived; instruction authorizing recovery for cattle killed or injured to amount alleged, if due to negligence, was error.

Measure of damages for cattle killed in transit is their market value at destination at time and in condition in which they should have arrived, and measure of damages for cattle injured while in transit is difference between their market value at destination at time and in condition in which they did arrive and their market value at time and in condition in which they should have arrived, and hence instruction authorizing recovery by shipper for cattle killed or injured to amount alleged in petition, if due to carrier's negligence, was error.

2. Appeal and error ⚖═216(3)—Error in instructing on measure of damages for injury and loss of cattle in transit held reviewable on appeal, despite failure of defendant to request charge submitting correct measure of damages (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1985).

Error in instructing on measure of damages for injury and loss of cattle in transit held reviewable on appeal, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1985, notwithstanding that defendant failed to request a charge submitting to jury correct measure of damages, where instruction was manifestly defective, and defendant's exceptions to instruction were sufficient to direct court's attention thereto.

3. Trial ⚖═352(5)—Special issues, including different findings, held violative of statute requiring such issues to be submitted separately (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a).

Special issues including a finding on delay in transportation of cattle by carrier, and of loss of part of them, and of injuries to remainder, held erroneous, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, requiring such issues to be submitted separately.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Action by Pink L. Parrish and another against the Panhandle & Santa Fé Railway Company. From a judgment for the plaintiffs, the defendant appeals. Reversed and remanded.

Madden, Adkins & Pipkin, of Amarillo, and Roscoe Wilson, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellees.

JACKSON, J. Pink L. Parrish and D. W. Mitchell instituted this suit in the county court of Lubbock county, Tex., against the Panhandle & Santa Fé Railway Company to recover damages in the sum of $909.25 for negligence in handling a shipment of cattle.

Plaintiffs allege that on October 20, 1923, they owned 231 head of cattle located at Ropesville, and 59 head of cattle located at Ralls, Tex., which the defendant, a common carrier, promised and agreed, for a valuable consideration, to transport and deliver to market at Kansas City, Mo.; that the cattle were delivered, bills of lading and live stock contracts issued, whereby the defendant became bound and liable to use ordinary care in handling, transporting, and delivering said cattle at the place of destination; that the defendant failed to exercise ordinary care and prudence in delivering said cattle, but was guilty of negligence in delaying the cattle in transit for more than 24 hours longer than the usual and ordinary time for transporting live stock from the point of origin to the point of destination, and guilty of negligence in roughly handling said shipment while in transit, and as a result of such negligence the cattle became emaciated and bruised, and 14 head thereof were negligently lost or killed in transit; and that the defendant's negligence was the proximate cause of plaintiffs' suffering damages in the following items: For extra feed, due to delay, $21.25; for cattle lost or killed, $288; and for the bruised and ema-

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ciated condition of the cattle, loss in weight, and decline in market value, $600.

The defendant answered by general demurrer, special exceptions, general denial, and alleged that the cattle were shipped under a written contract, and were not to be transported in any special time, or for any particular market; that the shipment consisted of but six cars, and was not entitled to special train load handling; that the cattle were received under the shipper's load and count; and that the count of shipper of the cattle shipped from Ropesville was erroneous, and was excessive, the defendant having delivered at Kansas City the same number which had been loaded by the shipper; that the contract provided that the shippers should, at their own risk and expense, look after feeding and watering the stock while in transit, and, if the cattle were damaged, it was by reason of plaintiffs' failure to properly look after them.

In response to special issues submitted by the court, and the answers of the jury thereto, judgment was rendered against appellant and in favor of appellee for the sum of $560 with interest from the date of the judgment at the rate of 6 per cent. per annum, and costs of suit.

The appellant presents as error the action of the trial court in submitting to the jury special issue No. 4 of his main charge, because said issue contained an improper measure of damages.

[1] Said issue reads as follows:

"If you have answered the foregoing issues 1, 2, and 3 in the affirmative, then answer what sum of money if paid now will compensate the plaintiffs for the injury, loss, and delay, in the event you have found that said cattle were injured, some lost, and the shipment delayed as alleged in their petition, not to exceed the sum of $909.25."

The measure of damages for cattle killed in transit is their market value at destination at the time and in the condition in which they should have arrived, and the measure of damages for cattle injured while in transit is the difference between their market value at destination at the time and in the condition in which they did arrive and their market value at the time and in the condition in which they should have arrived. Hovencamp v. Union Stockyards Co., 180 S. W. 225, 107 Tex. 421, and authorities cited.

The issue as submitted by the court did not instruct the jury to determine plaintiffs' damages for the cattle lost or killed by their market value at destination at the time and in the condition they should have arrived, nor did it direct the jury to determine plaintiffs' loss for the cattle injured by the difference in their market value at destination at the time and in the condition which they should have arrived, and hence is obviously incorrect.

[2] Appellees insist that the judgment should not be reversed on this assignment, even though this issue should be found erroneous on the measure of damages, because appellant failed to request a charge submitting to the jury the correct measure.

In construing article 1971 relating to general charges, and article 1985 of V. S. C. S. relating to the submission of special issues. Chief Justice Cureton, in G., C. & S. F. Ry. Co. v. Conley, 260 S. W. 561, 113 Tex. 472, 32 A. L. R. 1183, says:

"These two statutes were enacted to accomplish the same purpose, and we think a failure to submit any particular issue under either statute can be reviewed on appeal only where the record shows a special charge was tendered on that issue.

"But in the instance of a defective or erroneous charge on a subject or issue which the court has undertaken to charge upon, the objections required by article 1971 take the place of special charges, and render it unnecessary that the latter be tendered. It is immaterial whether the matter objected to in the court's charge is a mere defective or incomplete statement of the law or issue to be determined, or is affirmatively erroneous; objections which sufficiently specify the error will preserve the point on appeal, without the necessity of again directing the court's attention to the same subject by special charge.

"Had the Legislature intended that the complaining party should not only make objections, but tender a special charge as well, it undoubtedly would have said so. Having undertaken to state what must be done in this respect, the statute, under a well known rule of construction, must be held to have excluded the necessity of doing anything else. Other cogent reasons are given in the cases cited. Houston & Texas Central Ry. Co. v. Gant [Tex. Civ. App.] 175 S. W. 745; Hines v. Kelley [Tex. Com. App.] 252 S. W. 1033."

The court undertook to charge on the issue, and the instruction is manifestly defective, and the exceptions and objections which appellant filed to the submission of such issue are, in our opinion, sufficient to direct the attention of the court thereto, and preserve the point without the necessity of requesting a special charge.

[3] Appellant, by separate assignments, contends that the trial court committed error in special issues Nos. 1, 2, and 3 of his main charge, because as submitted, each of the issues included more than one material question of fact.

Appellees sought a recovery for 14 head of cattle lost or killed in transit by the negligence of appellant, and for the injuries suffered by the rest of the cattle due to the negligent delay and the rough handling, and separated their claim into items for extra feed, for loss or death of the 14 head, and for the injuries inflicted on the remainder.

In issue No. 1 the jury were asked if the cattle were "injured, lost, or delayed in transit"; in No. 2, "Were such injuries, loss, or delay caused by the negligence, if any" of

appellant? and, in No. 3, "Were such injuries, loss, or delay of the cattle the direct and proximate result of any negligence" of the appellant? Each of these issues, as submitted, involved a finding on delay and on the loss of the 14 head and of the injuries to the remainder.

Article 1984a, V. S. C. S., requires that, in the submission of a case to the jury on special issues, "such special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately."

Including more than one material question in a special issue submitted to the jury is error, and, in view of another trial, we suggest that the material facts be submitted distinctly and separately. Hines v. Whiteman et al. (Tex. Civ. App.) 228 S. W. 979; Kansas City M. & O. Ry. Co. of Texas v. Bomar et al. (Tex. Civ. App.) 207 S. W. 570; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339.

Appellant's other assignments are overruled.

For the errors discussed, the judgment is reversed and the cause remanded.