**WALL et al. v. ROYAL INDEMNITY CO.**
(No. 11849.)

Court of Civil Appeals of Texas. Fort Worth.
Oct. 8, 1927.

1. Pleading ⬅34(3)—As against general demurrer, all reasonable intendments in favor of pleading must be indulged.

All reasonable intendments in favor of a pleading must be indulged as against a general demurrer.

2. Pleading ⬅34(4)—Averments of doubtful meaning on demurrer must be construed against pleader.

Where averments in a pleading are of doubtful meaning, they must, on demurrer, be construed against the pleader.

3. Pleading ⬅214(5)—Truth of legal conclusions is not admitted by general demurrer, unless ultimate facts warranting such conclusions are pleaded.

Ultimate facts necessary to show a cause of action must be pleaded by certain and positive averments, and the truth of mere legal conclusions without a pleading of necessary facts which warrant such conclusions is not admitted by general demurrer.

4. Pleading ⬅8(18), 192(3)—Allegation that murder of employee while returning home originated in employer's business held mere legal conclusion and subject to general demurrer (Workmen's Compensation Law [Rev. St. 1925, art. 8309, § 1, subd. 5]).

In suit on insurance policy issued under Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), allegation that murder of employee while on his way home had to do with, and originated in, the work or business of the employer, *held* mere legal conclusion, insufficient against general demurrer, in view of Workmen's Compensation Law (Rev. St. 1925, art. 8309, § 1, subd. 5).

5. Master and servant ⬅373 — Allegations showing seclusion of employer's premises facilitated murder of employee going from work held insufficient to show compensable injury (Workmen's Compensation Law [Rev. St. 1925, art. 8309, § 1, subd. 5]).

In suit on insurance policy issued under Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), allegations of facts showing that seclusion of the place where employee worked facilitated his murder while returning to his home from work *held* not to warrant inference that his murder had to do with, or originated in, his work, within Workmen's Compensation Law (Rev. St. 1925, art. 8309, § 1, subd. 5), in the absence of any showing that the crime would not have been committed but for such employment.

Appeal from District Court, Young County; E. G. Thornton, Judge.

Suit by Mrs. Marvin C. Wall and others against the Royal Indemnity Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Penix & Penix, of Graham, and John B. Rhea, of Wichita Falls, for appellants.

Davenport & Crain, of Wichita Falls, for appellee.

DUNKLIN, J. Mrs. Marvin C. Wall, surviving wife of Marvin C. Wall, deceased, instituted this suit for herself and minor children against the Royal Indemnity Company to recover insurance on a policy issued by the defendant to the Continental Oil Company, who, according to allegations in the petition, was an employer of Marvin C. Wall at the time of his death, and to whom the defendant had issued an insurance policy under the provisions of the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309).

A general demurrer to plaintiffs' petition was sustained, and the plaintiffs having declined to amend, the suit was dismissed. This appeal is from those rulings, and the only question presented on this appeal is whether or not, as against a general demurrer, the plaintiffs' petition was sufficient to show a right of recovery.

The material facts alleged in the petition which, as against a general demurrer must be taken as true, are as follows: The defendant issued to the Continental Oil Company a policy of insurance as provided in the Workmen's Compensation Law. At the time the policy was issued, the Continental Oil Company was engaged in the business of oil production from leases held by it in Young county. After alleging the issuance of the policy by the defendant to the Continental Oil Company, and the fact that the latter company was a legally authorized subscriber to the Texas Employers' Insurance Association, the petition contains these further allegations:

"VIII. That the said Marvin C. Wall was on and prior to the said 8th day of July, 1925, under a verbal contract of hire to and with the said Continental Oil Company, and that he was employed by and in the employ of the said company, and that he was an employee subject to, within the contemplation of, and entitled under its terms to the benefits of the provisions of, said Workmen's Compensation Act, and that he was covered by said policy of insurance on the date of said injury and death.

"IX. That the said Marvin C. Wall was an employee of the Continental Oil Company, on the 8th day of July, 1925, and had been such an exployee for some seven months prior to said date, during all of which time he resided in or near the town of Bunger in Young county, Tex. That his duties as employee of said Continental Oil Company were to attend to, and keep in operation, certain pumping stations and producing wells located at various and different places over a territory of some 80 acres of land located in Young county, Tex., leased by, and under the control of, the employer, the Continental Oil Company, there being about ten producing oil wells on said lease. That said em-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ployee's duties were those ordinarily incident and customary for a pumper on a producing oil lease, and required him to attend each and all of said wells and keep pumping machinery in operation, and caring for production from said wells. That such duties required the said employee, Marvin C. Wall, to perambulate and cover practically all of the 80-acre lease, ordinarily without any other person to assist him in the discharge of such duties, but same was done alone, and without any other association. That said employee's hours of duty were continuous from midnight to noon, and he would leave his home in the nighttime within sufficient time to reach his place of work, and begin at 12 o'clock at night, and remain in that character of employment until 12 o'clock in the daytime, or until relieved by another employee taking up such duties, when he would return to his home, which was located about one-fourth mile from said leased premises of said employer. That in making his rounds and attending said pumps he would cover practically the entire territory of 80 acres. That said 80-acre tract was rough, hilly, and isolated from all habitation and other persons, except those employed on said lease. That the road leading from said leased tract to said employee's home was secluded and little traveled, except by those having business or employment on said lease, winding between hills and timber, and coming out over a sharp rise and hill upon comparatively level open ground near said employee's home, which facts made said premises and road dangerous for said employee, in that same afforded an excellent place for evildoers to commit crime without being observed by other persons.

"X. That on said 8th day of July, 1925, and a few minutes after 12 o'clock noon, and within about 100 yards of the last well attended, and while on the said premises of the employer, and as he was leaving his car for lunch by the usual route, the said Marvin C. Wall was accosted and stopped by two men, who were accompanied by a third party. Each of the first two mentioned parties was armed with a gun, and they provoked a difficulty with the said Marvin C. Wall, which culminated in their shooting the said Marvin C. Wall to death, without his provoking said difficulty or bringing on the trouble, all of which occurred in Young county, Tex. After the killing of the said Marvin C. Wall, the two men who had committed the same, and the third, who was their friend, left the premises, and the dead body of Marvin C. Wall was found in his car later, and the men who had killed him were apprehended by the officers. That outside of the parties mentioned there were no others present or in sight of the killing, so far as known to plaintiffs.

"XI. That the two men who killed the said Marvin C. Wall were named J. A. Sharp and S. K. Graham, and they resided in the vicinity of the scene of the shooting, and they, as well as others residing in that community, knew that the said Marvin C. Wall was so employed by the Continental Oil Company, and that his duties required him to work in this isolated and unguarded territory from midnight to noon, and of his accessibility without the intervention of observatory contact by any other person or persons during his hours of labor, and while on his way to and from said place of employment, all of which was generally known by reason of his continuous employment on said lease for some seven months prior thereto. That the said Sharp and Graham, knowing the isolated, rough, and hilly nature of the premises covered by said lease and adjacent thereto, and the ease with which an ambuscade could be arranged on the road leading from said lease to said employee's home, did, on said 8th day of July, 1925, go on said road so as to meet said employee Marvin C. Wall at a time when it was generally known that he would be leaving said lease, and would be at a point on said road which would be hidden from the view of outside persons, and free from outside interference, for the purpose of killing and murdering the said Marvin C. Wall. That the said Sharp and Graham did meet him at such a point and time, and did then and there unlawfully kill and murder the said Marvin C. Wall, as heretofore stated.

"XII. That the said injury and death of the said Marvin C. Wall were sustained in the course of and arose out of his said employment with the said Continental Oil Company, and that such injury and death were and are compensable injury and death within the purview and contemplation under the terms and provisions of said act.

"XIII. Plaintiffs allege and say that the act of the said Marvin C. Wall in going from his work as aforesaid was an act in the course and scope of his employment and was manifestly an act actually about and having direct, actual relation to the work for which he was engaged by his employer at the very time and place he received the injury and death complained of herein."

Then follow allegations of the amount of earnings of the deceased prior to and at the time of his death, and a claim of compensation was based thereon. There were also allegations of notice given to the defendant of the injury and death of the deceased, and that notice of her claim for compensation was given to the defendant, and also to the Industrial Accident Board of the state—all within the requirements of the statutes in such cases made and provided. There were further allegations to the effect that the accident board had refused to allow the claim, and from that action an appeal had been duly prosecuted to the district court, and that counsel had been employed, for whose services additional compensation was also claimed, and that Mrs. Marvin C. Wall was the surviving widow of the deceased, and the two minors named in the petition his only surviving children.

Subdivision 5 of section 1 of article 8309, Rev. Statutes of 1925, the same being embraced in part 4 of the Workmen's Compensation Law, reads in part as follows:

"The term 'injury sustained in the course of employment,' as used in this law, shall not include:

"1. An injury caused by the act of God, unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public.

"2. An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

"3. An injury received while in a state of intoxication.

"4. An injury caused by the employee's willful intention and attempt to injure himself, or to unlawfully injure some other person, but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee, while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

[1-3] While it is a general rule that as against a general demurrer to a pleading all reasonable intendments in favor of the pleading must be indulged, yet that rule is subject to the further rule that averments of doubtful meaning must be construed against the pleader. Webb County v. Board of School Trustees, 95 Tex. 131, 65 S. W. 878; Snipes v. Bomar Cotton Oil Co., 106 Tex. 181, 161 S. W. 1. It is also a rule of pleading that the ultimate facts, as distinguished from evidence to prove them, necessary to show a cause of action, must be pleaded by certain and positive averments, and that the truth of mere legal conclusions without a pleading of necessary facts which warrant such conclusions is not admitted by the general demurrer. Baker v. Hahn (Tex. Civ. App.) 161 S. W. 443; Gray v. Osborne, 24 Tex. 157, 76 Am. Dec. 99; Sneed v. Moodie, 24 Tex. 159; St. Louis S. W. Ry. Co. v. Browne Grain Co. (Tex. Civ. App.) 166 S. W. 40; 21 R. C. L. § 9, p. 445, and section 5, p. 440, and authorities there cited.

In Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000, our Supreme Court said:

"Courts sit to try causes upon positive averments, and not to hear and determine issues presented by allegations which affirmatively show that the pleader is in doubt as to the truth of the matter alleged."

Although Marvin C. Wall was killed while at the place of his employment, and while he was necessarily on his return to his home from his work, yet the facts alleged in plaintiffs' petition show without doubt that his death was caused by the acts of third persons, intended to injure him, and constituting murder, and there are no facts alleged sufficient to show that the act of the killing was directed against him as an employee of the Continental Oil Company, or because of such employment.

[4, 5] The further allegation in the petition to the effect that the killing of Marvin C. Wall had to do with, and originated in, the work or business of his employer was merely a legal conclusion of the pleader, with no sufficient facts alleged to support it. The

facts that deceased was killed while on the lease where he was employed, and while returning to his home from his work, and that the topography and seclusion of the place where he worked were such as to favor and encourage the murderers to kill him, do not in any manner suggest or warrant the inference of the further fact that his injury had to do with, and originated in, his work, in the absence of any showing that the crime would not have been committed at any other place, or but for such employment. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Ocean Accident & Guarantee Corp. v. Riggins (Tex. Civ. App.) 291 S. W. 276 (writ of error refused); London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774 (writ of error refused).

For the reasons noted, we conclude that the averments in the petition are insufficient to show a right of recovery, and therefore the judgment of the trial court in sustaining the general demurrer to the petition and dismissing the suit is in all things affirmed.