## CISCO & N. E. RY. CO. v. DIEFENDERFER et al. (No. 500.)

Court of Civil Appeals of Texas. Eastland. Dec. 7, 1928.

Rehearing Denied Jan. 25, 1929.

. G. O. Bateman and Jno. W. Mackey, both of Breckenridge, for appellant.

Ben J. Dean, of Breckenridge, for appellee.

FUNDERBURK, J. The suit as originally brought was one by the Cisco & Northeastern Railway Company against R. C. Diefenderfer to recover certain indebtedness and to foreclose a mortgage lien. J. A. Clift intervened and sought judgment against defendant, Diefenderfer, for amounts claimed to be due him, and ,for establishment and foreclosure of a statutory lien against property of Diefenderfer, which at the time was in the custody of J. P. Flynn as receiver in the original suit. The plea of intervention also claimed a lien against the railroad of the Cisco & Northeastern Railway Company, the allegations asserting such lien being "that he (intervener) is entitled to and has a lien upon said railroad and equipments by virtue of his labor and furnishing teams and tools in repairing said railroad, and is entitled to have the same foreclosed." The nature of the indebted-

ness claimed by intervener against Diefenderfer is shown by allegations that: " * * * Intervener was employed by the defendant R. C. Diefenderfer under oral contract whereby it was agreed that this intervener was to quarry, haul and crush stone to be used by the defendant upon the roadbed of the plaintiff herein to repair said roadbed, and to furnish all teams and equipment for the work necessary to perform same, and the defendant was to pay intervener the sum of thirty-five cents and forty-five cents per cubic yard for the work and labor in quarrying, hauling and crushing said stone, depending on the distance it was hauled as to the price," etc. There were further allegations as to giving notice to defendant and to said receiver of an itemized statement of the services rendered, and also of filing an itemized verified statement in the office of the county clerk of Stephens county. Judgment was for intervener, Clift, for $207.95, with foreclosure of lien on the railroad, from which appellant has appealed. J. A. Clift is the sole appellee.

Once before, in the same suit and upon the same pleadings, appellee recovered judgment for $407.98 against Diefenderfer with a foreclosure of a lien on said railroad, which judgment upon appeal to this court was reversed and the cause remanded. Cisco & Northeastern Railway Company v. Diefenderfer, 278 S. W. 267. On that appeal all assignments of appellant were overruled, except one complaining that the amount of the judgment for which the lien had been foreclosed included amounts due for the labor and teams of other parties for which the law gave no lien, and which the evidence did not identify and distinguish from the amount due for the labor, teams, and tools of appellee. The authority upon which a right to a lien was sustained is R. S. 1925, art. 5480, reading as follows: "All mechanics, laborers and operatives who may have performed labor, or worked with tools, teams or otherwise, in the construction, operation or repair of any railroad locomotive, car or other equipment of a railroad, and to whom wages are due or owing for such work, or for the work of tools or teams thus employed, or for work otherwise performed, shall have a lien prior to all others upon such railroad and its equipments for the amount due them for personal services, or for the use of tools or teams. Such lien shall cease to be operative in twelve months after its creation, if no steps are sooner taken to enforce it."

■ It was in order to permit the proper amount to be determined by the evidence that the case was reversed and remanded. As the case now comes to us, we construe appellee's plea of intervention as stating a cause of action for debt against Diefenderfer for labor and materials furnished him to be used in the repair of the railroad, and for the foreclosure of a lien upon the railroad and its equipment, under the provisions of R. S. 1925, arts. 5452, 5453, 5456, et seq. As against a general demurrer we think the plea is good in so far as it undertakes to state a cause of action under the provisions of said statutes. Appellant's assignments, challenging the sufficiency of the pleading in that respect, are, therefore, accordingly overruled.

■ By the ninth proposition upon which the appeal is predicated appellant contends that R. S. 1925, art. 5480, is not applicable to a case where a subcontractor or laborer is alleged to have performed labor or furnished teams under employment of a contractor in the construction or repair of a roadbed or track. The decision of this court upon the former appeal would seem to be against appellant on this contention. Authority is not wanting, however, to support such view. Krakauer v. Locke, 6 Tex. Civ. App. 446, 25 S. W. 700; S. A. U. & G. Ry. Co. v. Hales (Tex. Civ. App.) 196 S. W. 903. But the last-named case was reversed by the Supreme Court. Hales v. S. A. U. & G. Ry. Co., 111 Tex. 434, 238 S. W. 1106.

It seems to us that the proper interpretation of this decision of the Supreme Court is to establish the true rule to be that a subcontractor may have a lien under either articles 5452 or 5480, according as the facts may exist, to entitle him to same. If a contractor or subcontractor actually performs labor or work with tools, teams, or otherwise in the construction, operation, or repair of any railroad, he may have the lien provided for under article 5480. Manifestly, however, the last-named statute is not available, except where the facts come within its terms. We, therefore, overrule appellant's proposition to the effect that appellee, being a subcontractor whose employment is with the contractor and not the railroad company, is, for this reason alone, excluded from any right to a lien on the railroad under said article 5480.

■ The appellant's assignments, however, to the general effect that the judgment of the trial court is erroneous in decreeing a lien upon the railroad in favor of appellee, under the provisions of R. S. 1925, art. 5452 et seq., because no sufficient notice of the furnishing of said labor or materials to the contractor was given the railroad, as owner, and no sufficient itemized and verified account was filed, and because the railroad company as owner was never indebted to the contractor, Diefenderfer, in any sum or amount, after the attempted giving of notice or filing of lien as alleged, must be sustained. It is mandatory that any laborer or subcontractor who may labor or furnish material, machinery, fixtures, or tools for the construction or repair of any railroad, in order to have the lien provided for in article 5452, "shall give written notice * * * to such railroad company or its agent or receiver of each and every

item furnished and showing how much there is due and unpaid on each bill of lumber or material furnished or labor performed by such person, firm or corporation, and shall file with the county clerk of the county * * * through or into which such railroad may extend, an itemized account of his or their claim to be recorded by such clerk in a book kept for that purpose." R. S. art. 5453.

By article 5456 it is provided that the itemized account filed with the county clerk shall be verified. The giving of the notice and the filing of the lien are essential prerequisites to the existence of the lien. First National Bank of Paris v. Lyon-Gray Lbr. Co., 110 Tex. 162, 217 S. W. 133. A lien provided for under this statute is only available to cover an amount of indebtedness not exceeding that owing by the owner to the contractor at the time of filing the notice. Dudley v. Jones, 77 Tex. 70, 14 S. W. 335; First National Bank v. Lyon-Gray Lbr. Co., 110 Tex. 162, 217 S. W. 133; Compton v. Jennings Lbr. Co. (Tex. Civ. App.) 266 S. W. 569; Nichols v. Dixon (Tex. Civ. App.) 85 S. W. 1052.

Since the uncontroverted evidence shows that appellant was never at any time indebted to Diefenderfer in any amount, appellee's claim of a lien on the railroad, under these statutory provisions, was not available. We, therefore, sustain appellant's propositions embodying this contention.

■ If, then, the judgment of the trial court is to be sustained, it must be under the provisions of said article 5480. Appellant presents no assignment in any manner challenging the sufficiency of the evidence to support the existence of a lien under this statute.

In the opinion of the majority, if "every reasonable intendment arising upon the pleading * * * be indulged," in accordance with court rule 17 (142 S. W. XVIII), and as such rule was applied by this court in Automobile Insurance Company v. Bridges, 5 S.W.(2d) 244, and Chapman v. Head, 5 S.W. (2d) 1001, said plea of intervention is sufficient to state a cause of action in favor of intervener, as having performed labor and worked with teams, etc., in the construction or repair of said railroad, within the provisions of said article 5480.

Among the number of assignments complaining of the insufficiency of the plea of intervention as against the general demurrer which was urged and overruled, there is no assignment that presents the question of there being no allegations that the labor performed and work with teams, tools, etc., done, were done in the construction or repair of the railroad. In the opinion of the majority, this point, if doubtful, should have been raised by special exception, if the plea was deemed insufficient in that respect.

■ The majority are also impressed with the contention that the question of the sufficiency of the plea, as against a general demurrer, was necessarily involved in the former appeal. Nothing is to be found in that opinion indicating that this court deemed the pleading fundamentally insufficient to enable the appellee to fix a lien on the railroad property in the manner now attempted. The implication is that the pleading was approved in that respect.

It is, therefore, the opinion of the majority that the judgment of the trial court should be affirmed, and it is, accordingly, so ordered.

In the opinion of the writer, the plea of intervention, while good as against general demurrer to state a cause of action for a lien on the railroad, under R. S. arts. 5452, 5453, 5456, et seq., is not sufficient to support a judgment awarding foreclosure of a lien on the railroad, under article 5480. The "reasonable intendment" provision of rule 17, I think, does not vary that other and, perhaps, older rule that specific allegations in a pleading, when ambiguous, are to be construed most strongly against the pleader. Wall v. Royal Indemnity Ins. Co. (Tex. Civ. App.) 299 S. W. 319; Western Union Tel. Co. v. Henry, 87 Tex. 165, 27 S. W. 63; Webb County v. Board of Trustees, 95 Tex. 131, 65 S. W. 878; Snipes v. Bomar Cotton Oil Co., 106 Tex. 181, 161 S. W. 1; Meador v. Rudolph (Tex. Civ. App.) 218 S. W. 525; Celli v. Sanderson (Tex. Civ. App.) 207 S. W. 179; Gillis v. Rosenheimer, 64 Tex. 246; Fort Worth v. Baptist Church (Tex. Civ. App.) 268 S. W. 1019; Baker v. Galbreath (Tex. Civ. App.) 211 S. W. 626; San Antonio Fire Fighters v. Bell (Tex. Civ. App.) 223 S. W. 506; Broussard v. Mayumi (Tex. Civ. App.) 144 S. W. 321; Hill v. Allison, 51 Tex. 392; Mueller v. Simon (Tex. Civ. App.) 183 S. W. 63.

The plea of intervention in question, in so far as it sought to establish a lien, alleged an entirely different cause of action than one under authority of article 5480. Conceding that, if all necessary allegations are present to state also a cause of action under article 5480, recovery thereon will be sustained, it is certainly true that at least one fact, if the pleading is to be construed as alleging same, must be deduced by reasonable intendment or inference. That fact is that the labor performed and work with teams, tools, etc., was performed and done in the construction or repair of the railroad. The plea must be construed to determine if such fact is deducible by necessary or proper inference from other facts alleged. I do not believe the pleading was drawn with any reference to article 5480. There is not a single fact alleged that is applicable to a cause of action under article 5480, and at the same time not equally applicable to the cause of action that was alleged under the other statutory provision. The allegation in the plea that intervener was employed by Diefenderfer to "quarry, haul and crush stone *to be used by the defendant upon the roadbed of the plaintiff herein to repair*

*said roadbed,* and to furnish all teams and equipment for the work necessary to perform the same," etc., if it does not plainly mean that the use of the stone on the roadbed to repair same was by the defendant Diefenderfer, is at least ambiguous. The specific allegation that the stone was "to be used *by the defendant* upon the road of plaintiff herein, to repair same," when construed most strongly against the pleader, excludes any implication that intervener himself was to use the stone to repair the railroad. The word "same," with which the foregoing quotation ends, is at least susceptible to the construction that it refers to the work of quarrying, crushing, and hauling, and not to the work of repairing the roadbed. This construction is necessary to conform to the allegation that the stone was to be used by defendant to repair the roadbed. The allegation, that intervener "is entitled to and has a lien upon said railroad and equipments by virtue of his labor and furnishing teams and tools in repairing said railroad, and is entitled to have the same foreclosed," must be construed and also tested by another rule. Obviously the allegation is but the statement of a legal conclusion. Although it must be admitted that there are many conflicts of decision as to the sufficiency of a statement of conclusions generally, to supply by inference the necessary facts to make a pleading good as against general demurrer, under rule 17, supra, there is ample authority to support the plain requirement of rule 2 (142 S. W. XVII) for the allegation of "facts, in contradistinction to a statement * * * of legal conclusions." Lindale Brick Co. v. Smith, 54 Tex. Civ. App. 297, 118 S. W. 568; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Blaisdell v. Bank, 96 Tex. 626, 75 S. W. 295, 62 L. R. A. 968, 97 Am. St. Rep. 944; Millican v. McNeil, 92 Tex. 400, 49 S. W. 219; Miller v. School Dist., 26 Tex. Civ. App. 495, 63 S. W. 894; Hurst v. Crawford (Tex. Civ. App.) 216 S. W. 284; Ferguson Seed Farms v. McMillan (Tex. Civ. App.) 296 S. W. 904; Sanders State Bank v. Hawkins (Tex. Civ. App.) 142 S. W. 84; Wall v. Royal Indemnity Ins. Co. (Tex. Civ. App.) 299 S. W. 319; Gray v. Osborne, 24 Tex. 157, 76 Am. Dec. 99; Sneed v. Moodie, 24 Tex. 159; Western Union Tel. Co. v. Mobley (Tex. Civ. App.) 220 S. W. 611; S. W. Tel. Co. v. Payne (Tex. Civ. App.) 210 S. W. 988.

For decisions in which legal conclusions have apparently been permitted to supply by inference the omission of necessary allegations of fact in favor of the sufficiency of pleadings against general demurrer, see: Hovencamp v. Union Stock Yards Co., 107 Tex. 421, 180 S. W. 225; Robinson v. Davenport, 40 Tex. 341; Miles Realty Co. v. Dodson (Tex. Civ. App.) 8 S.W.(2d) 516; Wooten Motor Co. v. First Bank (Tex. Com. App.). 281 S. W. 196; Northwestern Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Penn. Fire Ins. Co. v. Jameson Bros., 31 Tex. Civ. App. 651, 73 S. W. 418; American Cent. Ins. Co. v. White, 32 Tex. Civ. App. 197, 73 S. W. 827; National Life Ins. Co. v. Brown (Tex. Civ. App.) 261 S. W. 378.

That part of the legal conclusion, that the lien claimed was "by virtue of his labor and furnishing teams and tools *in repairing said railroad,*" must be construed in connection with preceding allegations, particularly the one that the stone was to be used by defendant in repairing the roadbed. So construed, the words italicized are merely descriptive of the lien claimed, and mean that appellee claims the lien because he performed labor and worked with teams and tools in quarrying, hauling, and crushing stone to be used by the defendant in the repair of the road. This was a perfectly proper allegation under the cause of action under the other statutory provisions, but cannot, I think, be held to allege that intervener himself worked in repairing the said road.

This interpretation of the pleading must be considered in the light of the law as determined by the Supreme Court, particularly in St. Louis, A. & T. Ry. Co. v. Mathews, 75 Tex. 92, 12 S. W. 976, and National Bank of Cleburne v. Gulf, C. & S. F. R. Co., 95 Tex. 176, 66 S. W. 205.

In the first-mentioned case the question was whether one who, by his labor, prepared and furnished cross-ties to a contractor to be used on a railroad, had a lien under article 5480. It was held he did not. In the other case it was held that one who labored in the erection of roundhouses, etc., on land of the railway company, but merely joining the right of way, had no lien under this statute.

It is, therefore, taken for granted that if appellee's labor performed and work with teams and tools consisted alone of quarrying, hauling, and crushing stone, and he had no part in placing the stone on the road, he would not be entitled to a lien under this article. The plea does not purport to claim a lien under article 5480. Every fact alleged was necessary to the statement of a cause of action under entirely different statutory provisions. Every fact inferable from facts alleged is as relevant to a cause of action under the other statutes as article 5480. In Lindale Brick Co. v. Smith, 54 Tex. Civ. App. 297, 118 S. W. 568, the question, as here, was whether or not plaintiff was shown by the allegations of his pleading to be entitled to a statutory lien. It was held that "his averment that he was entitled to a lien is but the conclusion of the pleader and not the statement of a fact." The pleading was held insufficient, because it did not allege the facts that brought the plaintiff within the terms of the particular statute in question. Stallings v. Wood (Tex. Civ. App.) 267 S. W. 537, is especially applicable. The allegations made

were proper in the statement of a cause of action, either for rescission of a contract for fraud, or for damages resulting from fraud in making the contract. It is apparent, had there been no uncertainty that one particular cause of action was attempted to be alleged, then the omitted facts might have been supplied by inference to make complete the statement of that cause of action, but the allegations as made being equally applicable to two distinct causes of action, any fact inferred from the allegations could not be referred to one of the different causes of action rather than the other.

Since the absence of pleadings to support a judgment is a fundamental matter, I am of opinion that the cause should be reversed and remanded.

In considering the assignments, it was necessary to read the statement of facts. There was no evidence whatever that appellee performed any labor or work with teams or tools in repairing the railroad. The very most that the evidence shows is that he quarried, hauled, and crushed rock. There is not even any evidence that he delivered the rock anywhere near the railroad.